| DATE | NR. | BANKRUPTCY PROCEEDING RECORD |
|---|---|---|
| **1982**<br>Feb. 19 | | Complaint to avoid liens filed by Laurie J. Weinstein, Esq., on behalf of the Debtors. |
| Feb. 19 | | Summons and Notice of Trial to be held on Wednesday, March 10, 1982 at 10:45 a.m. in Grand Jury Room, Third Floor, Warren County Court House, Warren, Pennsylvania. Answer date: March 10, 1982. Mailed to Weinstein, Esq. |
| March 1 | | Certification of Service on defendants and other parties in interest filed. |
| March 10 | | Hearing on the complaint to avoid liens held as scheduled. Attendance sheet and Judge's Notes of testimony filed. |
| March 13 | | Motion for extension of time to appeal filed in Clerk's Office in Pittsburgh, Pa. Welfare. |
| April 1 | | Order entered releasing Residence Property from liens impairing homestead exemption rights. Cert. & copy to Weinstein, Esq. Copies to Ristau and Mann, Esqs. |
| April 15 | | Motion for extension of time of appeal filed in Clerk's Office in Pittsburgh, Pa. and received in Erie April 23, 1982 filed by Jason W. Manne, Esq. with Notice of Appeal attached. |
| April 27 | | Memorandum and Order refusing Motion to extend time for appeal filed. Copy to Weinstein, Ristau and Manne, Esqs. |

**In re Billy E. THOMPSON, f/d/b/a B. E.'S Restaurant and B & T Construction Company, a partnership Mary J. Thompson, Debtors.**

Bankruptcy No. 81–00681.

United States Bankruptcy Court,
S. D. Alabama.

April 27, 1982.

Karen A. Zokoff, Mobile, Ala., for debtors.

Alan C. Christian, Mobile, Ala., for Doherty Jarreau.

## ORDER ON PETITION TO RE–OPEN

WILL G. CAFFEY, Jr., Bankruptcy Judge.

At Mobile in said District on the 27th day of April, 1982, before Will G. Caffey, Jr., Bankruptcy Judge:

This matter having come on for hearing upon the debtors' Petition to Re-Open their Chapter 7 Bankruptcy Case; due notice of hearing having been given; and arguments having been heard;

Now, therefore, the Court finds, concludes and orders as follows:

### FINDINGS OF FACT

The debtors herein filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 17, 1981. The Court fixed October 19, 1981 as the last day for the filing of objections to the discharge of the debtors and for the filing of complaints to determine the dischargeability of debts.

After due examination of the Schedules filed by the debtors, the Court notified creditors of the estate that there were no assets from which any dividend could be paid.

The Court granted the debtors a discharge on November 30, 1981 and on January 12, 1982 the debtors' case was closed.

The debtors did not list Doherty Jarreau as a creditor in their schedules. In section 12 of their Statement of Financial Affairs the debtors stated that Billy E. Thompson, debtor herein, was a party to a suit in the District Court of Mobile County, Alabama, in which Doherty Jarreau was the plaintiff.

On July 16, 1980, Billy E. Thompson was served by certified mail with a copy of the suit. Default judgment was obtained on October 20, 1980. Mr. Jarreau attempted to satisfy the judgment by various means, but was unsuccessful until recently having been able to locate the debtor after which he proceeded to have a writ of garnishment served upon the debtor's employer in order to have the debtor's wages garnished.

### CONCLUSIONS OF LAW

Under Section 350(b) of the Bankruptcy Code, the Court may reopen a case "to administer assets, to accord relief to the debtor, or for other cause."

Section 350(b) is correlated with Rule 515, Bankruptcy Rules, the first sentence of which has been unchanged and unaffected by the Bankruptcy Code.

The debtors' purpose in seeking to reopen their case is to add Doherty Jarreau as a creditor in order to effect a discharge of a debt owed to him by amending their schedules to add his name to their list of creditors.

The debtors have argued that Mr. Jarreau will not suffer any damage if they are allowed to reopen their case and ultimately have the debt owed to him discharged since theirs was a no-asset case and if Mr. Jarreau had been listed as a creditor, he would not have taken part in any distribution.

The debtors also argue that Mr. Jarreau was not listed as a creditor and claim that the omission was due to "excusable neglect." The debtors have not, however, provided any evidence to support that argument.

Although this is a no-asset case and the creditor has not been denied any right to participate in a dividend, the creditor has been prejudiced.

In the first instance, by not being notified of the bankruptcy proceeding, Mr. Jarreau has expended, not only his time, but has also incurred expenses by continuing to engage legal counsel in order to collect the amount of the debt due him.

The debtors were discharged on December 18, 1981. The last opportunity a creditor had to object to the discharge was on October 19, 1981. Therefore, the creditor's right to object to the discharge has been effectively barred. In order to afford the creditor the right to object to the debtors' discharge in this case, the discharge would have to be revoked, but no basis for such action is shown here. *See*: Section 727(d), Bankruptcy Code; *In re McQuality*, 5 B.R. 302, 6 B.C.D. 766 (Bkrtcy.S.D.Ohio 1980).

As to the dischargeability of the debt, that question can be determined by the State Court since the ground is not one of those which is exclusively within the jurisdiction of this Court. Bankruptcy Code, Section 523(a) and (c).

Under the circumstances presented by this case, the debtors' petition to reopen is due to be denied. *In re Broomfield*, 3 B.C.D. 760 (S.D.N.Y.1977).

### ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the debtors' Petition to Re-Open Bankruptcy Estate, be, and it hereby is, DENIED.