**In the Matter of Paul Edward McQUALITY (and) Barbara Ann McQuality, Debtors.**

**WINTERS NATIONAL BANK AND TRUST COMPANY, Plaintiff,**

**v.**

**Paul Edward McQUALITY, Barbara Ann McQuality, Defendants.**

**Bankruptcy No. 3–79–02126.**

United States Bankruptcy Court, S. D. Ohio, W. D.

July 23, 1980.

R. L. Cousineau, Dayton, Ohio, for plaintiff.

Jack F. Pickrel, Dayton, Ohio, Trustee.

H. J. T. Herzog, Dayton, Ohio, for defendants.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court on the debtors' motion for an Order to set aside their discharge. The debtors filed a voluntary, joint petition for relief in this Court on December 12, 1979. The first meeting of creditors was held on January 4, 1980, and the debtors were granted their discharge on February 26, 1980. Prior to the discharge hearing, Winters National Bank and Trust Company filed a Motion for Reaffirmation on February 11, 1980. The debtors, however, could not agree to the terms for the reaffirmation agreement; consequently, the agreement was never filed for approval with this Court. It appears that the debtors have since reconsidered and would like to reaffirm the subject obligation. Unfortunately, their decision to reaffirm came after the discharge was granted. Thus, in accordance with 11 U.S.C. § 524(c)(1), the Court could entertain no jurisdiction to enter an order and the debtors could no longer enter into a reaffirmation of their debt to Winters. *See Winters Bank & Trust Company v. Coots*, 4 B.R. 281 (S.D.Ohio).

In response to these circumstances, the debtors have moved for a revocation of their discharge. Apparently, under the theory that once their discharge is revoked, they can make a timely request for the Court's approval of their new agreement. In light of 11 U.S.C. § 727(d), the Court cannot condone the debtors' procedure in this instance. The section provides that upon the request of the trustee or a creditor, the Court may revoke a discharge for the reasons set forth in the section. There is no provision for the setting aside of a discharge upon the insistence of the debtors themselves, nor is there a provision that the debtors' desire to reaffirm a debt is cause for revocation of a discharge.

Based upon the language of the statute, the Court does hereby DENY the debtors' motion requesting the Court to set aside their discharge.