PER CURIAM.
 

 This appeal raises the question of whether the bankruptcy court has the jurisdiction to grant a revocation of discharge in bank
 
 *262
 
 ruptcy at the request of the bankrupt. The bankruptcy judge and the district court both ruled that the bankruptcy court lacked the authority to order the relief sought. We agree.
 

 In 1976 appellant filed a petition for voluntary bankruptcy. In his petition appellant listed secured debts of $23,000.00 and unsecured debts of $3,064.29. The bankruptcy court entered an order of discharge in June 1976. In May 1978 appellant filed a petition requesting the bankruptcy court to vacate the discharge. In that petition, appellant alleged that he had repaid “almost all of the creditors listed in his Petition (for voluntary bankruptcy) and notified the remainder of his creditors of his willingness to pay off his debt to them.” Appellant added that he had originally filed for bankruptcy because he was involved in divorce proceedings and allegedly had been counseled that such action was the only remedy to his financial problems.
 

 The bankruptcy court in a minute order denied the motion to vacate the petition because it had neither inherent nor statutory authority to vacate its earlier discharge. On appeal to the district court the appellant raised two issues: (1) that the authority granted to the bankruptcy court under 11 U.S.C. § ll(a)(12) to “[discharge or refuse to discharge bankrupts, [and] set aside discharges ...” was broad enough to encompass the relief requested; and (2) that a bankruptcy judge has inherent equitable authority to revoke his discharge.
 

 The trial court rejected both arguments in ruling that the bankruptcy judge lacked jurisdiction to grant the requested relief. Appellant raises these same two issues on appeal from the district court order.
 

 After full examination of the appellant’s brief and the record on appeal alone, under the authority of Federal Rule of Appellate Procedure 34 and Circuit Rule 14(f), we hereby affirm the district court order appealed from and adopt the opinion of the district court entered on March 19, 1980.
 

 APPENDIX
 

 MEMORANDUM OPINION
 

 Jerome Morgan, the bankrupt, appeals from an order of the bankruptcy court denying his petition to vacate a discharge in bankruptcy. The sole issue in this appeal is whether the bankruptcy court has jurisdiction to vacate a discharge in bankruptcy upon the petition of the bankrupt. For the reasons set forth below, we conclude that a bankruptcy court does not have jurisdiction to vacate an earlier discharge under the circumstances presented in this case. We therefore deny this appeal.
 

 I.
 

 On April 9, 1976, Jerome Morgan filed a petition for voluntary bankruptcy. Shortly thereafter, on June 3, 1976, the bankruptcy court issued an order discharging him.
 

 Since his discharge, Mr. Morgan has allegedly attempted to reaffirm and pay the debts that were discharged. According to Mr. Morgan, he has already paid most of his creditors and has notified the remaining ones of his willingness to pay his debts to them.
 

 In May 1978, Mr. Morgan petitioned the bankruptcy court to vacate the earlier discharge. This petition was denied on February 21, 1979. In denying the petition, the bankruptcy court stated that it did not have jurisdiction, under the circumstances in this case, to vacate its earlier discharge, adding that “the reasons that [the bankrupt] give[s] do not justify the reopening of this case.”
 

 II.
 

 In support of his petition, Mr. Morgan advances two arguments. He first argues that 11 U.S.C. § ll(a)(12) of the Bankruptcy Act gives a bankruptcy court jurisdiction to grant the relief he seeks. This section of the Act provides that a bankruptcy court may “[discharge or refuse to discharge bankrupts, [and] set aside discharges, .... ”
 

 This argument ignores, however, that a bankruptcy court’s power to revoke discharges is greatly restricted by another sec
 
 *263
 
 tion of the Act, 11 U.S.C. § 33.
 
 [1]
 
 Under section 33, a bankruptcy court may revoke a discharge only if a party in interest files an application to revoke within one year of the discharge,
 
 Solove v. Chase Manhattan Bank,
 
 338 F.2d 874, 879 (5th Cir. 1968), and only if it appears either that the discharge was obtained through the bankrupt’s fraud, that certain property should have been included in the bankrupt’s estate but was not, or that the bankrupt refused to obey an order of the bankruptcy court or to answer questions properly posed to him.
 
 In re Matter of Orenduff,
 
 226 F.Supp. 312, 313 (N.D.Okla.1964).
 
 See also
 
 1A
 
 Collier on Bankruptcy
 
 ¶ 15.05-15.07 (14th ed. 1978).
 

 Neither of these requirements have been met in the present case. Mr. Morgan’s petition to revoke his discharge was filed almost two years after the discharge was entered. Moreover, Mr. Morgan does not claim that any of the three reasons listed above for revoking a discharge exist in this case. Since the requirements prescribed in section 33 are not satisfied in this case, the bankruptcy court properly concluded that it lacked jurisdiction to revoke the discharge.
 

 Furthermore, in arguing that the Act explicitly gives a bankruptcy court jurisdiction to revoke discharges in bankruptcy, Mr. Morgan apparently confuses the power to reopen bankrupts’ estates with the power to revoke discharges. He cites a recent case,
 
 In the Matter of Seats,
 
 537 F.2d 1176 (4th Cir. 1976), in which the court of appeals held that under section 11(a)(8) of the Act a bankruptcy court can reopen a bankrupt’s estate at any time to modify an order of discharge.
 
 Id.
 
 at 1177. While, as this case illustrates, a bankruptcy court has jurisdietion to reopen estates to modify an order of discharge, the authority to
 
 modify
 
 a discharge cannot be equated with the authority to
 
 revoke
 
 a discharge.
 
 [2]
 
 Cases, including the case upon which Mr. Morgan relies, have been careful to point out this distinction.
 
 See, e.g., In the Matter of Seats, supra
 
 at 1177;
 
 In re Stein,
 
 111 F.Supp. 327, 328 (S.D.N.Y.1953). Since Mr. Morgan seeks not a modification but an annulment of his discharge, his reliance on section 11(a)(8) of the Act and the cases he cites is misplaced.
 

 Mr. Morgan’s second argument is that, aside from its statutory authority, a bankruptcy court has inherent equitable authority to revoke his discharge. He argues that the bankruptcy courts are courts of equity whose overriding purpose is to benefit the bankrupt.
 

 Although bankruptcy courts have considerable equitable powers, they should not revoke discharges under circumstances such as those in the present case. If a bankruptcy court were to revoke a discharge whenever a bankrupt reaffirmed and paid his debts, debtors might be encouraged to file for bankruptcy in situations where they might not otherwise. Filing for bankruptcy is intended to be a drastic step, one which a debtor should take only when other means of resolving financial problems have failed. While the debtor clearly benefits from a discharge in bankruptcy, he does so only at a price; he may, for example, find that his creditworthiness has been seriously impaired by the bankruptcy adjudication. If a bankrupt thought that he could obtain all the benefits of bankruptcy but, in the long term, could avoid the unpleasant side ef
 
 *264
 
 fects, he might be encouraged to file for bankruptcy before trying other, less drastic means of resolving his problems. Thus, the seriousness with which filing for bankruptcy is properly regarded could be undermined.
 
 [3]
 
 We conclude, therefore, that bankruptcy courts do not have an inherent authority to revoke discharges.
 

 Since bankruptcy courts have neither statutory authority nor an inherent equitable power to revoke discharges under the circumstances presented in this case, we deny Mr. Morgan’s appeal from the bankruptcy court’s refusal to revoke his discharge. An appropriate order will enter. DATED: March 19, 1980
 

 /s/ HUBERT L. WILL United States District Judge.
 

 [1]
 

 . 11 U.S.C. § 33 provides:
 

 The [bankruptcy] court may revoke a discharge upon the application of a creditor, the trustee, the United States Attorney, or any other party in interest, who has not been guilty of laches, filed at any time within one year after a discharge has been granted, if it shall appear (1) that the discharge was obtained through the fraud of the bankrupt, ...; or (2) that the bankrupt, before or after discharge, received or became entitled to receive property of any kind which is or which became a part of the bankrupt estate ...; or (3) that the bankrupt during the pendency of the proceeding refused to obey any lawful order of, or to answer any material question approved by, the court. The application to revoke for such refusal may be filed at any time during the pendency of the proceedings or within one year after the discharge was granted, whichever period is longer.
 

 [2]
 

 . If the authority to modify discharges encompassed the authority to revoke discharges, there would be little reason for Congress to list separately these two powers in section 11(a).
 

 [3]
 

 . Moreover, if a bankruptcy court were to revoke a discharge simply because the bankrupt reaffirmed and paid his debts, a debtor could avoid the statutory restriction on the frequency with which he can file for bankruptcy. The Act provides, essentially, that a bankrupt can obtain a discharge only once every six years. 11 U.S.C. § 32(c)(5) (amended and recodified in 1978 in 11 U.S.C. § 727(a)(9)). If a debtor could have a discharge revoked simply by reaffirming and paying discharged debts, he could, perhaps, file for bankruptcy before the six year period had run.