In re Linda Louise GRUBER, Debtor.

Bankruptcy No. 81–02249.

United States Bankruptcy Court, N. D. Ohio, W. D.

June 21, 1982.

Steven L. Diller, Toledo, Ohio, for debtor.

Malcolm L. Goodman, Marion, Ohio, trustee in bankruptcy.

## MEMORANDUM AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the Debtor's Motion to vacate this Court's Order of March 2, 1982 granting the Debtor a discharge pursuant to Rule 60(b) Fed. R. Civ. P. and for leave to file instanter an application for reaffirmation. The Motion is not well taken and should be denied.

On October 26, 1981 Debtor filed a petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 et seq. The Debtor was subsequently granted a discharge on March 2, 1982 and, on March 31, 1982, the Court entered an order approving the "Trustee's Report of No Distribution and Closing Estate". On May 24, 1982 the present motion was filed.

Debtor prays that this Court enter an order vacating the Debtor's discharge to enable the Debtor to enter into, and, for this Court to approve, a reaffirmation agreement of a consumer debt not secured by real property. Debtor relies on Rule 924 of the Rules of Bankruptcy Procedure and Rule 60(b) Fed. R. Civ. P. in support of her contention that the order should be vacated due to the excusable neglect of counsel in having received and inadvertently misfiled correspondence from a creditor relating to a reaffirmation and the discovery of the correspondence subsequent to the entry of the Order of Discharge. This Court holds that § 727(d) should normally control the circumstances under which a discharge can be revoked; that § 727 does not provide a remedy for Debtor's failure to follow the § 524(c) requirement that the reaffirmation be made before the granting of a discharge; and that alternatively, even if Rule 60(b) were applicable, under the circumstances of this case, equity does not favor relief from judgment.

■ The impetus behind the motion to vacate the grant of the Debtor's discharge is the Debtor's desire to enter into, and to obtain this Court's approval, of a reaffirmation agreement between Debtor and one of her creditors involving a consumer debt not secured by real property. Section 524(c)(1) requires that such an agreement be made before the granting of a discharge under Title 11 and, furthermore, as detailed in § 524(c)(4), in certain circumstances the Court must approve the agreement. Section 524(c) provides:

(4) in a case concerning an individual, to the extent that such debt is a consumer debt that is not secured by real property of the debtor, the court approves such agreement as—

(A)(i) not imposing an due hardship on the debtor or a dependent of the debtor; and

(ii) in the best interest of the debtor; or

(B)(i) entered into in good faith; and

(ii) in settlement of litigation under section 523 of this title, or providing for redemption under section 722 of this title.

A reaffirmation in the present case, involving an individual's desire to reaffirm a consumer debt that is not secured by real property, would necessarily be governed by the provisions of both § 524(c)(1) and (4).

The matter in issue concerns an attempt to avoid § 524(c)(1)'s requirement that the reaffirmation agreement be made before the grant of a discharge by means of having the discharge vacated for the purpose of allowing a "timely" reaffirmation agreement. Section 727(d) provides for revocation of a discharge in certain circumstances "[o]n request of the trustee or a creditor." There is no provision in § 727(d) or elsewhere in the Bankruptcy Code, to this Court's knowledge, for setting aside a discharge on request of a debtor, nor is there provision that a desire to enter a reaffirmation agreement is cause for revocation. *See Winters National Bank and Trust Co. v. McQuality,* 5 B.R. 302, 6 B.C.D. 766, 2 C.B. C.2d 723 (Bkrtcy. S.D. Ohio 1980). Except in unusual circumstances, § 727(d)'s provisions should normally govern the conditions

under which a discharge can be revoked. Clearly, Debtor's motion to revoke discharge in this case cannot succeed under § 727(d).

■ Debtor urges this Court, through the vehicle of Rule 60(b) Fed. R. Civ. P., that it would be a substantial injustice not to vacate the discharge to allow the proposed reaffirmation to be considered. The fact that counsel for debtor received correspondence relating to a possible reaffirmation on February 9, 1982 which was inadvertently misfiled but not discovered until subsequent to the entry of the Order of Discharge on March 2, 1982 is urged as sufficient "excusable neglect" under Rule 60(b)(1) for relief from the Discharge Order. The Court disagrees that the equities involved in the present case favor relief from the order of discharge. *But cf. In re Solomon,* 15 B.R. 105, 5 C.B.C.2d 613 (Bkrtcy. E.D. Pa. 1981) (Sufficient equities to vacate prior order of discharge existed where agreement in settlement of litigation with secured creditor which litigation started little more than a month before discharge hearing and not settled before that hearing). In particular, both the provisions of Interim Rule 4002 which permits an automatic 45 day defferal of the entry of an order of discharge and considerations of efficient management of this Court's docket militate against granting the relief requested.

Interim Rule 4002 provides that "the court, on application of the debtor, shall defer the entry of an order granting a discharge for 45 days and, on application within the 45 day period, the court may for cause further defer the entry of the order to a date certain." The "Reporters' Note" accompanying Interim Rule 4002, after refering to Rule 404 of the Rules of Bankruptcy Procedure as detailing the general procedure for filing objections to discharge, continues:

Subdivision (d) of Rule 404 requires that if no timely complaint objecting to a discharge is filed and certain other statutory tests are satisfied, the discharge shall be granted forthwith. Section 524(c) of the Code authorizes the debtor to enter into binding reaffirmation agreements prior to the entry of a discharge. Immediate entry of the discharge order after the time fixed for filing of a complaint objecting to discharge will inhibit the debtor's right to enter into reaffirmation agreements. The most common situation is when the same date is fixed for filing objections to a discharge and dischargeability complaints. Entry of the discharge forthwith may preclude the debtor from settling any dischargeability litigation by the execution of a reaffirmation agreement. For the foregoing reasons, immediate entry of a discharge order is inconsistent with § 524(c).

*This rule accommodates the debtor's § 524(c) right by according the debtor the opportunity to secure automatically an additional 45 days to conclude his reaffirmation agreements. For cause, the court may grant a further extension.* The length of any extension is within the discretion of the court. (Emphasis Added)

Thus, in this district, an automatic 45 day extension of the entry of an order of discharge is available upon request of the debtor. Utilization of this provision should enable debtor, and debtor's counsel, more than adequate opportunity for consideration of whether a reaffirmation with a particular creditor is possible including, in appropriate circumstances, initiation of discussions relating thereto. Indeed, if the reaffirmation in question is of such significance to the debtor, it is hard to conceive how, knowing of § 524(c)(1)'s condition that the agreement be made prior to discharge, such an important consideration could be neglected.

In addition, given the above considerations, the Court's own interest in efficient management of its docket outweighs the debtor's interest in entering into reaffirmation agreements. There should be some finality to proceedings in bankruptcy. Once the court has entered the order of discharge the § 524(c)(1) deadline for making such an agreement has passed. *See G.*

F. C. Corp. v. Noland, 13 B.R. 766, 4 C.B. C.2d 1498 (Bkrtcy. D. Kan. 1981). Pursuant to § 362(c)(2) the stay against property of the debtor is removed and the case should be ready for an expeditious closing. Vacating the discharge on the tenuous grounds that negotiations could lead to a reaffirmation agreement would unsettle the expectations of the Court, and creditors observing the automatic stay, that a bankruptcy case can finally be closed. This the Court cannot condone.

For the foregoing reasons, it is hereby,

ORDERED that Debtor's motion to vacate the discharge granted March 2, 1982 be, and hereby is, denied. It is,

·FURTHER ORDERED that Debtor's motion for leave to file instanter an application for reaffirmation be, and hereby is, denied.