**In The Matter of Deborah A. CALABRETTA, Debtor.**

**Bankruptcy No. 2–86–00168.**

United States Bankruptcy Court, D. Connecticut.

Jan. 9, 1987.

Thomas M. Germain, Hartford, Conn., trustee.

Bruce G. MacDermid, Hoppin, Carey & Powell, Hartford, Conn., for debtor.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

Before the court in this chapter 7 case is a debtor's motion, supported by the trustee, for revocation of the discharge previously granted by the court to her and for dismissal of her bankruptcy case. No evidentiary hearing has been held, and the following background to the debtor's request is based upon the case file and stipulations of fact submitted by the debtor and the trustee.

### I.

Deborah A. Calabretta, the debtor, filed a voluntary chapter 7 petition through her attorney, Robert H. Bletchman, Esq., on February 21, 1986. Her liability and property schedules listed debts totaling $7,563.30, and assets valued at $3,865.00. The debtor claimed all of these assets—primarily a car and household goods—as exempt. The clerk's office notified the listed creditors not to file claims as the debtor's schedules did not indicate any assets from which to receive a dividend. At the meeting of creditors held pursuant to 11 U.S.C. § 341 on March 24, 1986, Thomas M. Ger-

main, Esq., the trustee, was informed that the debtor possessed a potential claim, not listed in her schedule of property, arising out of an automobile accident that had occurred on December 20, 1985.[1] The debtor did not thereafter amend her petition to include the accident claim as property of the estate. The court entered the debtor's discharge on May 27, 1986, no complaint objecting to the discharge having been filed.

The debtor, through new counsel, Bruce G. MacDermid, Esq., filed the present motion on September 12, 1986, seeking to "vacate" the discharge and dismiss the case. The motion, contrary to the rules of practice, did not set forth any grounds to support the relief requested. See Bankr.R. 9013. The trustee filed an objection to the motion alleging that the debtor was pursuing a substantial tort claim and that dismissal of the case would not insure receipt by creditors of an equitable distribution of the proceeds from the claim.

At the hearing on the debtor's motion, held after notice to all creditors on October 9, 1986, only the debtor and the trustee appeared. They submitted for court approval two documents, entitled "Stipulated Order of Dismissal" (Order) and "Escrow Agreement." The Order requires that counsel for the debtor enter into an escrow agreement to disburse the proceeds of the debtor's personal injury action to the creditors listed in the bankruptcy petition, and that upon certification by the debtor that she had sent copies of the Escrow Agreement and the Order to her creditors, the court shall revoke the debtor's discharge and dismiss the case.

The Escrow Agreement, executed by the trustee, the debtor and Attorney MacDermid, provides that Attorney MacDermid will disburse all proceeds of the debtor's personal injury and property damage action to the creditors listed in the debtor's bankruptcy petition, after payment of legal fees

1. The stipulation of facts states that the debtor "did not confer with an attorney about potential claims arising from [the] accident until after the bankruptcy petition had been filed; apparently, the attorney filing the petition was unaware of these potential claims. Therefore, the original petition contains no reference to them."

incurred in the injury action. If the remaining funds are not sufficient to pay creditors in full, the funds will be disbursed pro rata based upon the indebtedness appearing in the bankruptcy petition. The trustee also submitted an "Accounting of Trustee's Services" setting forth how he had devoted 5.4 hours to this case. The debtor has agreed to pay the trustee the sum of $405.00 for these services.

The court rescheduled the hearing for November 6, 1986, when, after argument, it took the matter under advisement and requested that the debtor submit a memorandum of law in support of her motion. The debtor's memorandum thereafter filed contends that the bankruptcy court has both "statutory and equitable authority by which to grant the debtor's [m]otion."

## II.

The Bankruptcy Code contains no explicit provision dealing with revocation of a discharge at the request of the debtor. Section 727(d) of the Code governs such revocation at the request of the *trustee or a creditor*, and provides as follows:

> On request of the trustee or a creditor, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
>
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of, or entitlement to, such property, or to deliver or surrender such property to the trustee; or
>
> (3) the debtor committed an act specified in subsection (a)(6) of this section.

Bankruptcy Code § 727(a) requires the court to grant a debtor a discharge unless one of ten conditions is met.[2]

■ The debtor argues that statutory authority to revoke a discharge on the debtor's motion should be inferred from § 727(d) and from § 727(a)(10), which states that the court shall not grant the debtor a discharge when "the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter." I conclude that the provisions of § 727(d) are exclusive and that § 727(a)(10) is clearly not applicable in this proceeding because it concerns waivers executed prior to the granting of the discharge. There is no basis in either § 727(a)(10) or § 727(d) for inferring a statutory right by the debtor to seek a revocation of a discharge once granted by the court. The lack of creditor objection or consent by the trustee cannot supply such authority.

■ The debtor next argues that in the exercise of the court's equitable powers, *see* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title"), the debtor's motion should be granted. Her position is that no creditor has objected, and if "the bankruptcy case is dismissed and the discharge vacated, the creditors will receive the same discounted proportionate share of their claims and will still have the ability to satisfy their claims fully out of assets which may be later acquired by the debtor." *Debtor's Memorandum*, p. 1.

While the amount of decisional authority on this issue is modest, that which exists generally denies the authority of a bankruptcy court to revoke a discharge on equitable grounds at the request of the debtor. *See In re Morgan,* 668 F.2d 261 (7th Cir.1981); *In re Gruber,* 22 B.R. 768

---

2. Briefly put, the ten conditions are that the debtor (1) is not an individual; (2) concealed property; (3) failed to keep proper records; (4) made a false oath; (5) failed to explain any loss of assets; (6) refused to obey a court order; (7) committed any of the acts described in 2, 3, 4, 5 or 6 within one year of the petition; (8) had a prior discharge within six years under chapter 7 or 11; (9) had a prior discharge under chapter 13, under certain conditions; or (10) waived the discharge.

(Bankr.N.D.Ohio 1982); *Winters Nat'l Bank and Trust Co. v. McQuality (In re McQuality)*, 5 B.R. 302 (Bankr.S.D.Ohio 1980); *cf. In re Solomon*, 15 B.R. 105 (Bankr.E.D.Pa.1981) (discharge order vacated solely for purpose of rescheduling hearing on granting discharge and allowing debtor to submit reaffirmation agreement).

In *In re Morgan, supra,* a debtor sought "to vacate the discharge" twenty-three months after its entry, alleging that he had repaid "almost all of the creditors listed in his Petition (for voluntary bankruptcy) and notified the remainder of his creditors of his willingness to pay off his debt to them" and that "he had originally filed for bankruptcy because he was involved in divorce proceedings and allegedly had been counseled that such action was the only remedy to his financial problems." 668 F.2d at 262. The bankruptcy court and the district court both ruled the bankruptcy court lacked authority to order the relief sought, and the Court of Appeals for the Seventh Circuit agreed. The Court of Appeals adopted the complete opinion of the District Court (Hubert L. Will, J.) in rejecting the debtor's arguments that provisions of the Bankruptcy Act of 1898 (comparable to those of the Bankruptcy Code) were broad enough to encompass the relief sought, or that a bankruptcy judge has inherent equitable authority to revoke the discharge. Judge Will gave the following reasons why a discharge, once granted, may not be revoked on equitable grounds.

> Although bankruptcy courts have considerable equitable powers, they should not revoke discharges under circumstances such as those in the present case. If a bankruptcy court were to revoke a discharge whenever a bankrupt reaffirmed and paid his debts, debtors might be encouraged to file for bankruptcy in situations where they might not otherwise. Filing for bankruptcy is intended to be a drastic step, one which a debtor should take only when other means of resolving financial problems have failed. While the debtor clearly benefits from a discharge in bankruptcy, he does so only at a price; he may, for example, find that his creditworthiness has been seriously impaired by the bankruptcy adjudication. If a bankrupt thought that he could obtain all the benefits of bankruptcy but, in the long term, could avoid the unpleasant side effects, he might be encouraged to file for bankruptcy before trying other, less drastic means of resolving his problems. Thus, the seriousness with which filing for bankruptcy is properly regarded could be undermined. We conclude, therefore, that bankruptcy courts do not have an inherent authority to revoke discharges.

668 F.2d at 263–264.

The debtor seeks to distinguish *Morgan.* She claims the delay in *Morgan* in seeking a revocation was twenty-three months, compared to the three-and-one-half-month delay in her case. I conclude the time discrepancy is not of material significance. The debtor further asserts that the facts in her case are distinguishable from those in *Morgan,* but I find that the debtor has set forth fewer equitable considerations than those presented in *Morgan.* The debtor here negligently filed a petition containing incorrect asset information. She failed to amend her schedule of property after orally disclosing to the trustee the existence of her personal injury cause of action. Creditors remain unaware that the debtor's estate is an asset estate. Even if equitable considerations could empower a bankruptcy court to revoke a discharge, the facts of this case would not compel such a result.

The debtor concludes by contending that *Morgan,* from a different circuit, is not binding on this court. While this is true, the decision of any court of appeals is entitled to great weight, especially when that decision represents the prevailing view among the bankruptcy courts.

### III.

A bankruptcy discharge is not akin to a simple judgment in a civil action, modifiable as the parties see fit. A right to a discharge from debt represents a benefit conferred by Congress legislating in the area of economic and social welfare. *United States v. Kras,* 409 U.S. 434, 446, 93

S.Ct. 631, 638, 34 L.Ed.2d 626 (1973). It would trivialize the significant act of filing a bankruptcy petition requesting a discharge if, following the entry by the court of the discharge, a debtor could nullify its effects simply by changing her mind. Congress, as indicated in section II, *supra*, has not expressly provided for a revocation of a discharge at the request of a debtor, and I refuse to find that the statutes imply such a provision.

I conclude that the debtor's motion to revoke her discharge and to dismiss the case should not be granted. It is

SO ORDERED.