**In re Darrell Lee FISCHER, Debtor.**

**Bankruptcy No. 3–86–3043.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

April 1, 1987.

---

Cyril J. Bernardy, Worthington, Minn., for debtor.

GREGORY F. KISHEL, Bankruptcy Judge.

This Chapter 7 case came on before the undersigned United States Bankruptcy Judge at Mankato, Minnesota, on March 24, 1987, upon Debtor's motion for an order dismissing this case. Debtor appeared by his attorney, Cyril J. Bernardy. No appearance was made or on behalf of the Chapter 7 Trustee or any other party in interest. Upon the motion, a post-hearing supporting affidavit, and all the other files, records, and proceedings in this case, the Court makes the following Order.

On November 10, 1986, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in this Court. In his Statement of Financial Affairs, Debtor alleged that he was currently engaged in farming. He apparently farms "in partnership" with his parents. His A schedules reveal a debt structure typical of that of a Minnesota farmer-debtor, and include secured obligations in favor of Farm Credit Services, the Federal Land Bank, ASCS, and several contract for deed vendors. His B schedules list farming equipment of a total value of $260,000.00. He schedules one or the other of his parents as joint owners on several parcels of real estate and joint obligors on several secured debts. He also schedules his parents as his major unsecured creditors, for an obligation of $85,000.00. On his Schedule C, Debtor announced his intention to retain all of the property encumbered by his various secured debts and to reaffirm all of those debts other than, possibly, some debt subject to his lien avoidance rights under 11 U.S.C. § 522(f)(2)(B).

The Notice of No-Assets Bankruptcy Case, Etc. entered by the Clerk on November 18, 1986, set December 17, 1986, as the date of the meeting of creditors in this case. Debtor's counsel advises the Court that Debtor did not appear at the meeting due to illness. The Chapter 7 Trustee has never complained formally or informally of Debtor's nonattendance. On January 27, 1987, the Federal Land Bank Association of St. Paul and Production Credit Association of Southwest Minnesota filed motions for relief from stay, which came on before the undersigned for hearing on February 24, 1987. On February 11, 1987, Debtor filed an ex parte motion requesting the Court to dismiss this case. The Court declined to consider the motion ex parte and advised Debtor's counsel through the Clerk's office that a motion to dismiss required notice to all creditors and a hearing. No creditor or party in interest timely commenced proceedings objecting to Debtor's discharge in bankruptcy. On February 18, 1987, this Court entered an Order granting Debtor a discharge in bankruptcy. On February 20, 1987, Debtor's counsel served all of Debtor's creditors with a motion for dismissal, the one now before the Court. On February 24, 1987, the Court heard the two motions for relief from stay. Debtor did not appear in opposition, and the Court entered Orders granting both motions.

Debtor now requests the Court to dismiss this case. He states that his various debt obligations to Federal Land Bank and the Production Credit Association will be satisfied in some fashion, through the Farmers State Bank of Mountain Lake's agreement "to back the operation of [his] parents" once his bankruptcy case is dis-

missed. (Whether he would continue to be personally liable on such refinanced debts is not clear from his post-hearing affidavit.)

Counsel does not cite the section of the Bankruptcy Code on which he is relying as authority for the motion to dismiss. 11 U.S.C. § 707(a) allows dismissal of a Chapter 7 case for cause. However, the limited number and very specific nature of the examples of "cause" in § 707(a) make it clear that the section presupposes a motion for dismissal by a trustee, creditor, or other party in interest. The enumerated grounds are all based on a debtor's failure to promptly comply with various procedural requirements in his bankruptcy case. The section simply does not countenance a debtor's motion to dismiss under its rubric. This Court is unwilling to expand the availability of dismissal under § 707(a) on the facts presented here.

11 U.S.C. § 305(a)(1) is better-matched to Debtor's request. It allows the Bankruptcy Court to abstain from adjudication of all issues involved in a bankruptcy case and to dismiss the case if "the interests of creditors and the debtor would be better served by such dismissal ..." The legislative history suggests that § 305(a)(1) is appropriately applied in cases where a debtor and his creditors arrange an out-of-court "workout" and neither side will require discharge, debt restructuring, or other bankruptcy relief to effectuate the arrangement. H.R.REP. No. 595, 95th Cong., 1st Sess. 325 (1977); S.REP. No. 989, 95th Cong., 2d Sess. 35–36 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787.

However, one critical fact militates against dismissal of this case at Debtor's behest. The Court has already granted Debtor a discharge in bankruptcy. At hearing, counsel opined that the Court somehow was remiss in entering discharge, as Debtor had never attended a meeting of creditors. Review of the docket reveals that neither the Trustee nor any creditor formally or informally complained of Debt-

or's nonattendance at the meeting of creditors. No party in interest timely objected to Debtor's discharge under 11 U.S.C. § 727(a). The Bankruptcy Code and Rules mandate a prompt discharge. 11 U.S.C. § 727; BANKR.R. 4004(c). Specifically, BANKR. R. 4004(c) mandates grant of discharge "forthwith" upon the passage of the bar date for filing of complaints objecting to discharge under BANKR. R. 4004(a). *See also* LOC. R. BANKR. P. (D.Minn.) 116(a). Any practitioner in this Court with more than passing experience knows that the Court's discharge docket is almost completely current, and that discharge is entered in nearly all cases within several days of the bar date if no § 727 complaint has been filed. To the extent that counsel believed that entry of discharge was not imminent merely because of Debtor's failure to attend the meeting of creditors, the expectation was unjustified. It was open to Debtor to move the Court for an order deferring discharge, to allow him to bring on and argue his motion for dismissal without the interposition of discharge onto the legal complexion of the case. *See* BANKR. R. 4004(c). Debtor did not avail himself of this procedure, though he well could have.

■ The grant of discharge prevents consideration on the merits of Debtor's motion in the form it was cast. Dismissal of this case at this point would leave Debtor with all of the benefits of discharge, without having gone through the process of liquidation under Chapter 7.[1] Dismissal without revocation of discharge would defeat equity by upsetting the mutuality of debtors' benefits and debtors' duties in bankruptcy.

■ It is then appropriate to address the issue of Debtor's right to obtain a revocation of his discharge, anticipating that that may be his next request. 11 U.S.C. § 727(d) is only statutory authority for revocation of discharge under Chapter 7. The plain wording of the statute grants stand-

---

**1.** Neither, the Court suspects, would dismissal really meet Debtor's needs. Debtor has not actually alleged that the Farmers State Bank of Mountain Lake requires revocation of discharge as a prerequisite to its refinancing proposal.

However, it is logical to assume that this is so—if only by imputing to the Bank the reasonable wish to have a paper record on Debtor's creditworthiness which is free of the besmirchment of bankruptcy discharge.

ing to request revocation of discharge only to the Chapter 7 Trustee, a creditor, or the United States Trustee. A debtor has no authority under the Code to request revocation of discharge on his own motion. *In re Morgan*, 668 F.2d 261, 263–64 (7th Cir.1981) (Act case); *In re Calabretta*, 68 B.R. 861, 863 (Bankr.D.Conn.1987); *In re Gruber*, 22 B.R. 768, 769–70 (Bankr. N.D.Ohio 1982); *In re McQuality*, 5 B.R. 302, 303 (Bankr. S.D.Ohio 1980).

In addition, the enumerated grounds under § 727(d) limit its application to cases involving wrongful or fraudulent conduct of a debtor during the pendency of the case, conduct which adversely affects the grant of discharge, the administration of the estate, or the integrity of the Court as a receiver of evidence and decision-making body. The legislative history supports conclusion that revocation of discharge should be available only under the circumstances specified in 11 U.S.C. § 727(d). H.R. REP. No. 595, 95th Cong. 1st Sess. 385 (1977); S. REP. No. 989, 95th Cong., 2d Sess. 99 (1978). A discharge in bankruptcy is not analogous to an entry of judgment, subject to vacation under FED.R.CIV.P. 60(b). *In re Gruber*, 22 B.R. at 770. The grant of discharge in bankruptcy affects multiple parties, indelibly altering legal rights and duties previously running between the debtor and his creditors. By strictly limiting the substantive grounds for revocation of discharge and the class of parties who are entitled to petition for it, Congress plainly intended to protect the remedy of discharge. The corollary is that Congress did not intend to allow a debtor to willy-nilly petition for bankruptcy relief, and then cancel it. As the Seventh Circuit noted,

> If a bankruptcy court were to revoke a discharge whenever a bankrupt reaffirmed and paid his debts, debtors might be encouraged to file for bankruptcy in situations where they might not otherwise. Filing for bankruptcy is intended to be a drastic step, one which a debtor should take only when other means of resolving financial problems have failed. While the debtor clearly benefits from a discharge in bankruptcy, he does so only at a price; he may, for example, find that his creditworthiness has been seriously impaired by the bankruptcy adjudication. If a bankrupt thought that he could obtain all the benefits of bankruptcy but, in the long term, could avoid the unpleasant side effects, he might be encouraged to file for bankruptcy before trying other, less drastic means of resolving his problems. Thus, the seriousness with which filing for bankruptcy is properly regarded could be undermined.

*In re Morgan*, 668 F.2d at 263–64.

For these reasons, this Court will not revoke Debtor's discharge at the present time, and would not do so if Debtor specifically petitioned for that relief on notice to creditors through a written motion or adversary proceeding. It is unfortunate that Debtor's initial decision to seek bankruptcy relief may have been ill-considered. However, this Court cannot take responsibility for Debtor's original decision to file for bankruptcy, and it cannot take responsibility for his failure to exercise sufficient control over the progress of this case to prevent the outcome today. To allow Debtor to revoke his discharge and/or to dismiss his bankruptcy case after he has enjoyed the manifest protection of the automatic stay for months, after creditors have been forced to come to this Court for relief from stay to pursue their state-law remedies, and after the Court has entered discharge, would undermine the integrity of the bankruptcy system by cheapening the relief which Chapter 7 affords to financially-distressed debtors.

The Court is aware that this conclusion may affect Debtor's ability to negotiate the refinancing of his farm-related debt. By all rights, however, it should not of itself thwart the plans described in Debtor's affidavit. Even if the Court had revoked discharge and dismissed the case, the bankruptcy filing would remain a matter of public record which would still show up on any summary of financial information prepared by a credit bureau. Debtor has lost no property through liquidation to date; it is by no means certain that he will. His bankruptcy discharge in no way affects his

income-generating ability or the amount of collateral security he could offer to a refinancing lender. It in no way affects his parents' creditworthiness, which presumably is a relevant factor. Under the post–1984 law, it is quite clear that Debtor can voluntarily pay or otherwise come to terms with his pre-petition creditors, notwithstanding discharge. 11 U.S.C. § 524(f). From a common-sense perspective, there is no reason why the Farmers State Bank of Mountain Lake should not deal with him notwithstanding the Court's denial of his motion. In any event, the conclusions reached in this Order are unavoidable if this Court is to protect the integrity of its authority and the remedies it is charged to administer.

WHEREFORE, IT IS HEREBY ORDERED:

1. That Debtor's motion for dismissal of this case is denied.

2. That Debtor shall attend an adjourned meeting of creditors in this case as soon as his Chapter 7 Trustee schedules it.