**In re Roger WYCISKALLA, Debtor.**

**Bankruptcy No. BK 89–40794.**

United States Bankruptcy Court, S.D. Illinois.

July 22, 1993.

Robert L. Miller, Benton, IL, for debtor.

Tamalou Williams, Trustee, West Frankfort, IL.

## *OPINION*

KENNETH J. MEYERS, Bankruptcy Judge.

Roger Wyciskalla (debtor) filed a petition for relief under chapter 7 of the Bankruptcy Code on August 21, 1989. An Order discharging the debtor from all dischargeable debts was entered on November 27, 1989, and the case was closed on November 29, 1989.

On April 7, 1993, the debtor filed a motion, pro se, to "repeal" his bankruptcy case. The crux of the debtor's motion appears to be that he was misinformed by counsel as to the advisability of obtaining bankruptcy relief and that he has paid off in full all of the creditors listed on his bankruptcy schedules. The Court construes the debtor's motion as a request for the Court to reopen his case for the pur-

pose of revoking the discharge and dismissing the case.

■ Although the Court is sympathetic to the debtor's situation, the Court is without authority, either statutory or equitable, to grant the debtor's request to revoke the discharge under the facts presented. The Bankruptcy Code contains no provision that would allow the Court to revoke the debtor's discharge at his behest. Section 727(d) of the Code, 11 U.S.C. section 727(d), provides for revocation of discharge, upon proof of specified conditions, but only at the request of the trustee, a creditor or the United States trustee.[1] "[T]he provisions of § 727(d) are exclusive," *In re Calabretta*, 68 B.R. 861, 863 (Bankr.D.Conn.1987), and provide "no basis ... for inferring a statutory right by the debtor to seek a revocation of a discharge once granted by the court." *Id. See also In re Leiter*, 109 B.R. 922, 925 (Bankr.N.D.Ind.1990) (holding that the language of 11 U.S.C. section 727(d) is unequivocal).[2]

■ Nor do the Court's equitable powers permit the relief sought by the debtor under the circumstances he presents. Although the debtor has not relied on any authority or rule in seeking relief, the Court of Appeals for the Seventh Circuit has stated that the Bankruptcy Court's inherent powers to reconsider its own orders must be determined within the parameters of Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure. *In re Met–L–Wood Corp.*, 861 F.2d 1012, 1018 (7th Cir. 1988), *cert. denied, Gekas v. Pipin*, 490 U.S. 1006, 109 S.Ct. 1642, 104 L.Ed.2d 157 (1989) (holding that "the old inherent power to reconsider bankruptcy orders has been merged into ... rule [60(b) ]").[3]

The Court's review of the debtor's motion reveals that of the six bases for reconsideration set forth in Rule 60(b), the motion may be cast as a request to reconsider only under either Rule 60(b)(1)—based on "mistake, inadvertence, surprise, or excusable neglect"—or under Rule 60(b)(6)—based on "any other reason justifying relief from the operation of the judgment."

Unlike the "reasonable time" limitation imposed for Rule 60(b)(6), a Rule 60(b)(1) motion must be made within one year after the order was entered. Here, the debtor's motion was filed over three years after the discharge order was entered. Thus, the debtor is not entitled to relief under Rule 60(b)(1).

■ Nor is Rule 60(b)(6) of help to the debtor.[4] Relief under Rule 60(b)(6) requires "a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust."

1. Section 727(d) states:
     On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
     (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
     (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or
     (3) the debtor committed an act specified in subsection (a)(6) of this section.

2. Additionally, even if the debtor were presumed to have standing under 11 U.S.C. section 727(d), his motion is made well after the one year limitations period prescribed by Bankruptcy Rule 9024 and 11 U.S.C. section 727(e) for complaints to revoke a chapter 7 discharge pursuant to 11 U.S.C. section 727(d).

3. The Court need not examine the debtor's ability to avail himself of the relief offered by Rule 59 of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Rule 9023 of the Federal Rules of Bankruptcy Procedure, because the debtor is far outside the ten day time frame after entry of the discharge order within which a motion to alter or amend a judgment may be served. Fed.R.Civ.P. 59(e).

4. Apart from the debtor's inability to prevail on the merits, the Court is not convinced that the debtor has brought his motion within the "reasonable time" required for relief under Rule 60(b)(6). *See, e.g., In re Tardiff*, 137 B.R. 83, 88 (Bankr.D.Me.), *vacated and remanded on other grounds*, 146 B.R. 499 (D.Me.), *aff'd on remand*, 145 B.R. 357, 361 & nn. 15–16 (Bankr.D.Me. 1992).

*Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir.1986) (per curiam), *cert. denied,* 482 U.S. 905, 107 S.Ct. 2482, 96 L.Ed.2d 374 (1987). *Accord Chicago Downs Ass'n, Inc. v. Chase,* 944 F.2d 366, 371 n. 2 (7th Cir. 1991); *United States v. One 1979 Rolls–Royce Corniche Convertible,* 770 F.2d 713, 716 (7th Cir.1985); *Andrews v. Heinold Commodities, Inc.,* 771 F.2d 184, 188 (7th Cir.1985). Here the Court must balance the debtor's change of heart against overriding policy dictates.

The instant case is factually similar to *In re Morgan,* 668 F.2d 261 (7th Cir.1981), in which revocation of discharge was sought by a debtor who had repaid virtually all of his scheduled creditors, who had notified the remaining creditors of his willingness to pay them and who claimed to have been ill-advised by his attorney that bankruptcy was the sole remedy for his financial woes. In *Morgan,* the Court of Appeals for the Seventh Circuit adopted in its entirety the opinion of the district court in refusing to revoke the discharge on equitable grounds. The Court of Appeals concluded that the considerable equitable powers of the bankruptcy court did not include revoking discharges under circumstances such as those presented by the *Morgan* debtor. In adopting the lower court's decision, it reasoned:

> If a bankruptcy court were to revoke a discharge whenever a bankrupt reaffirmed and paid his debts, debtors might be encouraged to file for bankruptcy in situations where they might not otherwise. Filing for bankruptcy is intended to be a drastic step, one which a debtor should take only when other means of resolving financial problems have failed. While the debtor clearly benefits from a discharge in bankruptcy, he does so only at

a price; he may, for example, find that his creditworthiness has been seriously impaired by the bankruptcy adjudication. If a bankrupt thought that he could obtain all the benefits of bankruptcy but, in the long term, could avoid the unpleasant side effects, he might be encouraged to file for bankruptcy before trying other, less drastic means of resolving his problems. Thus, the seriousness with which filing for bankruptcy is properly regarded could be undermined.

*In re Morgan,* 668 F.2d at 263–64.

The Court finds no discernible differences between the debtor's situation and that of the *Morgan* debtor that would allow departure from the rule announced in *Morgan.* Although *Morgan* was decided under the Bankruptcy Act, the rationale announced in *Morgan* appears fully applicable under the Bankruptcy Code. *E.g., In re Leiter,* 109 B.R. at 922–23.[5]

The Court is not persuaded otherwise by application of the factors set forth in *In re Jones,* 111 B.R. 674 (Bankr.E.D.Tenn.1990), for determining whether discharge revocation is appropriate. In *Jones,* the bankruptcy judge held that a chapter 7 discharge may be revoked upon motion of the debtor "when no creditor affected by the outcome objects and all appear to concur in the entry of an order vacating or revoking the order granting the discharge ... [and] where the factors of relative prejudice to other interested parties and lack of culpability of the debtor in allowing the discharge order to be entered weigh strongly in favor of the debtor." *Id.* at 680.[6] See also *In re Tuan Tan Dinh,* 90 B.R. 743, 745–46 (Bankr.E.D.Pa.1988) (adopting essentially the same test).

Examination of the case at bar in light of the *Jones* criteria does not bring the debtor

5. The Seventh Circuit in *Morgan,* 668 F.2d at 264 n. 3, noted as additional reason for denying the debtor's motion for discharge revocation that such a procedure might allow a debtor to circumvent the "statutory restriction on the frequency with which he can file for bankruptcy." *Id.* See 11 U.S.C. §§ 727(a)(8) and (9).

6. The bankruptcy court in *Jones* refused to allow the debtors to revoke their chapter 7 discharge in order to convert their case to one

under chapter 13, finding that the resultant harm to creditors foreclosed granting relief to the debtors. The court reasoned that the relief sought by the debtors would enable them to rescind a reaffirmation agreement over the objection of the secured creditor and would give a priority creditor with a nondischargeable tax claim a second chance to file a proof of claim to the detriment of the general unsecured creditors.

a more favorable result. Even assuming that no creditor would object to the debtor's motion—a fact which is not before the Court—the debtor has received the benefit of the discharge order, including the luxury of being able to choose to repay his creditors on his own time schedule. His creditors, on the other hand, have experienced delay and inconvenience as a result of the bankruptcy proceeding. "To allow debtor to revoke his discharge and/or to dismiss his bankruptcy case after he has enjoyed the manifest protection of the automatic stay for months, after creditors have been forced to come to this Court for relief from stay to pursue their state-law remedies, and after the Court has entered the discharge, would undermine the integrity of the bankruptcy system." *In re Fischer*, 72 B.R. 111, 114 (Bankr.D.Minn.1987).[7] Moreover, the Court will not diminish the efforts of those chapter 13 debtors who are successful in carrying out a plan of reorganization by allowing chapter 7 debtors who repay their creditors to pass through bankruptcy without the restrictions and obligations placed on their chapter 13 counterparts and free of the "unpleasant side effects," *In re Morgan*, 668 F.2d at 263–64, of the discharge order.[8]

Accordingly, the Court will not use its equitable authority to overturn a chapter 7 order of discharge in situations where a debtor has reconsidered the wisdom of the original filing, even when all creditors have been repaid and no creditor objects to the revocation of the discharge order.

---

7. The Court finds it admirable that the debtor has voluntarily repaid his creditors despite his release from the debts via their discharge in bankruptcy. Nevertheless, it is clear that his decision to file for chapter 7 relief in the first instance forced a disadvantage on his creditors who were delayed or altogether foreclosed in their collection efforts by his decision.

8. The Court notes, too, that it has serious doubts as to whether granting the debtor's request would accomplish the intended result of exonerating his credit rating. The bankruptcy filing will remain a matter of public record and will likely appear on credit bureau reports.