**In re Jesus RIGAL and Leonor Rigal, Debtors.**

**Jesus Rigal and Leonor Rigal, Plaintiffs.**

v.

**Fleet Mortgage Corp., Defendant.**

**Bankruptcy No. 96–22162–L2–7. Adversary No. 00–5004.**

United States Bankruptcy Court, S.D. Texas, Laredo Division.

Sept. 6, 2000.

Margaret G. Baker, Brown & Shapiro, Pasadena, CA, for creditor.

Fernando D. Gutierrez, Jr., Laredo, TX, for debtors.

June Ann Mann, Balcom Mann and Stevens, Houston, TX, for creditor.

### *FINDINGS AND CONCLUSIONS FOR ORDER DENYING RELIEF REQUESTED AND DISMISSING ADVERSARY PROCEEDING FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED*

WESLEY W. STEEN, Bankruptcy Judge.

In this adversary proceeding, Jesus and Leonor Rigal ("Debtors") and Fleet Mort-

gage Corporation ("Fleet") ask the Court to vacate the Debtors' chapter 7 discharge to allow them to confect an enforceable reaffirmation agreement subsequent to the entry of Debtors' discharge. For reasons set forth below, the Court concludes that it has no authority to do so and dismisses the complaint for failure to state a claim on which relief can be granted.[1]

## FACTS

The important facts are undisputed. There is some difference between the Debtors and Fleet concerning certain events, and there is a dispute between the Debtors and Fleet as to whether Fleet misled the Debtors or made material misrepresentations to the Debtors. However, those disagreements are not relevant to a determination of whether the Debtors' discharge should be vacated and then reentered to allow the parties to enter into an agreement for repayment of the mortgage debt on Debtors' residence.

The Debtors filed a voluntary petition commencing this case under chapter 13 of the Bankruptcy Code on June 14, 1996. Debtors' chapter 13 plan was confirmed on August 16, 1996. The plan provided for payment of arrearages on a home mortgage debt owed to Fleet.

The Debtors fell behind on their postpetition mortgage payments, causing Fleet to file a motion for relief from the § 362 automatic stay. The Court entered an agreed Order Conditioning Automatic Stay which provided a framework for the Debtors to cure the post-petition arrearages. But the Debtors defaulted under the terms of the agreed order and on January 5, 1999, Fleet filed a Certificate of Default, indicating that foreclosure was imminent.

The Debtors began negotiations with Fleet's "Loss Mitigation Department" to modify the loan to cure the default. An agreement was allegedly reached and the Debtors began making payments under the agreement. The Debtors contend that they discussed converting their case to chapter 7 of the Bankruptcy Code and the Debtors further contend that Fleet indicated that conversion would have no effect on modification of the note. Fleet disputes the Debtor's contentions. Whatever may be the facts, the Debtors determined that they did not need to continue with their chapter 13 plan and they converted their case to a case under chapter 7.

Due proceedings were had, and the Debtors began to anticipate the entry of their chapter 7 discharge. "Debtors *repeatedly* requested a Reaffirmation Agreement from Fleet Mortgage. Fleet Mortgage responded that they were looking into it and never sent a reaffirmation agreement."[2] [Emphasis in original.] On October 19, 1999, the Court entered an Order of Discharge under chapter 7 of the Bankruptcy Code, discharging all of the Debtors' debts.

In mid-October, Fleet informed the Debtors that "... their internal procedures did not allow a *'loan modification'* in a *Chapter 7 case,* as opposed to a *Chapter 13 case.*" [Emphasis in original.] As of the date of discharge, no documents had been executed to modify the terms of the loan.[3] Debtors threatened suit for detrimental reliance and other causes of action. The parties resolved their differences more than four months after the discharge was entered (between February and April, 2000) by an agreement that requires ap-

---

1. The Debtors strenuously argue that the Court should grant the relief requested because the relief is unopposed. The joint support for the relief requested, however, brings into question whether this adversary proceeding presents an actual case or controversy. Both parties support the relief requested. The Court notes the issue, but decides the question on other grounds.

2. Complaint, paragraph 15.

3. The Court emphasizes that the agreement was not "made" prior to the discharge. Under the statutory scheme, it would appear that the agreement may be *filed* after discharge if all other requirements are completed prior to discharge.

proval of the Bankruptcy Court. Fleet requires that the bankruptcy court approve the loan modification as a proper loan reaffirmation.

The complaint in this adversary proceeding is the joint effort to obtain the blessing of the bankruptcy court for the reaffirmation agreement.

## CONCLUSIONS OF LAW

■ A discharge in bankruptcy acts as an injunction against creditor efforts to collect the discharged debt as a personal liability of the debtor, whether or not the discharge is waived.[4] Nevertheless, there is no statutory prohibition (in fact, there is express statutory authority) for the debtor to pay a debt that has been discharged.[5] In summary, the creditor is prohibited from forcing the debtor to pay a discharged debt, but the debtor is not prohibited from paying it voluntarily.

■ There is one exception. A debtor is permitted to enter into a reaffirmation agreement (which allows coercive creditor conduct to collect discharged debts) *if* the agreement meets the statutory requirements.[6] The strong statutory restrictions on reaffirmation agreements were intentional:

"Subsections (c) and (d) of section 524 prohibit enforcement of the reaffirmation of a discharged debt unless their requirements have been met. If an agreement to pay a discharged or dischargeable debt does not meet the requirements of the subsections, it is without legal effect. These subsections grew out of a long history of coercive and deceptive actions by creditors [to] secure (sic) reaffirmation of discharged debts. The subsections have been applied strictly by the courts to carry out their remedial purposes . . ." [7]

Bankruptcy Code Section 524(c)(1) provides that a reaffirmation agreement is enforceable *only* if it "was made" prior to the granting of the discharge. Although the statute does not expressly require that the agreement be in writing, it is not possible for a verbal agreement to satisfy the statutory requirements (i) that the agreement contain certain "clear and conspicuous" language and (ii) that the agreement be filed with the court.[8] The agreement between the Debtors and Fleet was not "made" prior to the entry of the discharge order, and therefore is not a reaffirmation agreement that Fleet may enforce against the Debtors as a personal liability of the Debtors.

■ The Debtors and Fleet ask the Court to vacate the Order of Discharge to allow the confection of a valid reaffirmation agreement. The Debtors and Fleet then want the Court to reenter the discharge order subsequent to the entry of the reaffirmation agreement. The Debtors and Fleet argue that the Court should use the authority of F.R.C.P. 60(b), incorporated by F.R.B.P. 9024, to vacate the Order of Discharge.

Federal Rule of Civil Procedure 60(b) provides that the Court may relieve a party from a final judgment or order for several reasons, including "mistake, inadvertence, surprise, or excusable neglect" or "any of the reason justifying relief from the operation of the judgment." But the Court is not convinced that the cited rule is applicable. There was no mistake or error about the entry of the discharge. The Debtors and Fleet are simply not happy with the results of entry of the discharge.

The Debtors and Fleet cite three cases for the proposition that a discharge may be revoked at the request of the Debtors

---

4.  Bankruptcy Code § 524(a)(2).

5.  Bankruptcy Code § 524(e).

6.  Bankruptcy Code § 524(c) and (d).

7.  *Collier's on Bankruptcy, 15th Ed.,* ¶ 524.04.

8.  Bankruptcy Code § 524(c)(2) and (3).

**148**

to allow the Debtors to reaffirm a debt.[9] While three cases do reach the conclusion proposed by the Debtors and Fleet, the Court simply finds those cases to be not persuasive because (i) there simply is no express statutory authority for the relief that the Debtors and Fleet seek, and (ii) exercise of any such authority would conflict with the express statutory scheme and with the provisions of the Federal Rules of Bankruptcy Procedure that govern reaffirmation agreements.

Bankruptcy Code § 524(c) and (d) enact specific rules applicable to reaffirmation agreements. These rules determine the content of the reaffirmation agreement, determine that it must be in writing, provide for approval of the agreement by counsel for the debtor or by the Court (if the Debtor is *pro se* and the agreement is not a consumer debt secured by real property), and provide a 60-day right of rescission. The agreement must be *made* in the proper form *prior* to discharge. These provisions are meaningless if there is the simple expedient of vacating the discharge order and reentering it to allow a Debtor to enter into a reaffirmation agreement.[10]

More directly on point is Rule 4004(c)(2) of the Federal Rules of Bankruptcy Procedure which allows a debtor to defer entry of the discharge order. The Advisory Committee notes indicate that this rule was specifically written to allow the Debtor to delay entry of the discharge so that a reaffirmation agreement could be considered. Thus, if a Debtor sees discharge looming, but has not yet consummated a reaffirmation agreement, the Debtor may postpone the discharge merely by request. This Court finds it difficult to conclude that a discharge order should be vacated for "mistake, inadvertence, surprise" *etc.* if the debtor did not use this tool that was available to him. The Court also concludes that the existence of this rule implies that the discharge order is final, and cannot be vacated merely to permit the Debtor to enter into a reaffirmation agreement.

A number of courts agree that it is improper to vacate an order of discharge to allow the debtor to enter into a reaffirmation agreement. Most do so on the basis that there is simply no authority for the Bankruptcy Court to vacate an order of discharge at the request of the Debtor. *In re Brinkman,* 123 B.R. 611 (Bankr. N.D.Ind., 1991), *In re Leiter,* 109 B.R. 922 (Bankr.N.D.Ind., 1990), *Matter of McQuality,* 5 B.R. 302 (Bankr.S.D.Ohio 1980), *In re Burgett,* 95 B.R. 524 (Bankr.S.D.Ohio 1988), *In re Gruber,* 22 B.R. 768 (Bankr. N.D.Ohio 1982).[11]

## CONCLUSION

For reasons set forth above, the Court concludes that it has no authority to revoke a discharge for the purpose of allowing the Debtor to enter into a reaffirmation agreement.

However, the Court emphasizes that it is *not* ruling on any aspect of Fleet's lien on the real property. In addition, the Court is not ruling on any claim that the Debtors may (or may not) have against Fleet based on detrimental reliance, fraud,

---

9. *In re Solomon,* 15 B.R. 105 (Bankr.E.D.Pa., 1981), *In re Long,* 22 B.R. 152 (Bankr.D.Me., 1982), and *In re Tuan Tan Dinh,* 90 B.R. 743 (Bankr.E.D.Pa., 1988). The first two cases indeed stand for the proposition cited. The third, however, does not. It holds that the discharge will not be revoked under the circumstances involved in that case, which do not involve a reaffirmation agreement. The language about revoking a discharge is *dicta.* The Court has found an additional case that supports the Debtors' argument: *In re Edwards,* 236 B.R. 124 (Bankr.D.N.H., 1999).

10. The courts that approve the procedure of vacating discharge orders to validate reaffirmation agreements indicate that the procedure should be used "sparingly". To this Court, that is a weak basis to justify a complete by-pass of the statutory scheme.

11. *See also Matter of Morgan,* 668 F.2d 261 (7th Cir., 1981); *Matter of Calabretta,* 68 B.R. 861 (Bankr.D.Conn., 1987); and *In re Eccleston,* 70 B.R. 210.

misrepresentation or any other legal theory.

Finally, it should be clear that there is no prohibition on the Debtor paying, and Fleet accepting, payments on the underlying mortgage debt (whether or not the loan is modified). Bankruptcy Code § 524(e) clearly allows the Debtor voluntarily to pay any discharged debt. The § 524 discharge injunction (and this Court's ruling today) prohibits enforcement of the discharged debt as a *personal liability* of the Debtors. The Court's ruling does not determine whether Fleet is bound (by its conduct or agreement) to accept the payments and to forego foreclosure so long as payments are made pursuant to the terms of the loan modification agreement.