In re J & L STRUCTURAL, Debtor.

Howell A. Breedlove, both individually & as an officer of J & L Structural, Inc., Voest–Alpine Industries, Inc., Carlson Manufacturing Co., Inc., Hilb, Rogal & Hamilton Co. of Pittsburgh, Stena Metal, Inc, Marcus & Shapira LLP, Pittsburgh Logistics Systems, Inc., Roanoke Electric Steel Corporation, Defendant–Appellants,

v.

William Pineo, Trustee for J & L Structural, Inc. Plaintiff–Appellee.

No. CIV.A.03–1495.

United States District Court, W.D. Pennsylvania.

Aug. 11, 2004.

Robert Stein, Douglas Amadeo, Greenberg Traurig, New York City, Jeffery A. Deller, Klett, Rooney, Lieber & Schorling, Pittsburgh, PA, for Mentmore Holding Corporation and CPT Holdings, Inc.

Robert O. Lampl, Pittsburgh, PA, on behalf William Pineo, Trustee.

Marc Morley Kane, Pittsburgh, PA, for Carl Snyder and James E. Howe, individually and as an officer of J & L Structural, Inc.

James D. Newell, Klett, Rooney, Lieber & Schorling, Pittsburgh, PA, on behalf of Roanoke Electric Steel Corporation.

Kimberly Luff Wakim, Thorp, Reed & Armstrong, Pittsburgh, PA, on behalf of Pittsburgh Logistics Systems, Inc.

Darlene M. Nowak, Marcus & Shapira, Pittsburgh, PA, on behalf of Marcus & Shapira.

Gary Seitz, Philadelphia, PA, on behalf of Rogal & Hamilton and Stena Metal, Inc.

Michael J. Henny, Miller, Ament, Henny & Kochuba, Pittsburgh, PA, on behalf of Carlson Manufacturing Company, Inc.

Paul David Burke, Sherrard, German & Kelly, Pittsburgh, PA, on behalf of Voest–Alpine Industries, Inc.

Thomas D. Maxson, Cohen & Grigsby, Pittsburgh, PA, on behalf of Howell A. Breedlove.

Norman E. Gilkey, Babst, Calland, Clements & Zomnir, Pittsburgh, PA, on behalf of Debtor, J & L Structural.

## MEMORANDUM ORDER

CONTI, District Judge.

### Introduction

This is an appeal from an order of the bankruptcy court entered on September 2, 2003. In that order, the bankruptcy court denied defendant-appellants' motions to dismiss their separate adversary actions. Defendant-appellants in their consolidated appeal assert that the bankruptcy court erred by denying the dismissal motions because, *inter alia*, the court lacked subject-matter jurisdiction and the claims were time barred since the applicable statute of limitations had expired. This court affirms the bankruptcy court's order dismissing defendant-appellants' motions to dismiss without prejudice to defendant-appellants' rights to file a motion for relief from the bankruptcy court's December 31, 2002 order under Federal Rule of Bankruptcy Procedure 9024 ("Rule 9024"), which makes Rule 60(b)(4) of the Federal Rules of Civil Procedure ("Rule 60(b)(4)") applicable in bankruptcy cases.

### Procedural History

A short history of the case is necessary to understand defendant-appellants' arguments. On August 20, 2002, the bankruptcy court dismissed the bankruptcy case, which was commenced by J & L Structural, Inc. (the "debtor") filing a voluntary chapter 11 petition on June 30, 2000. The debtor's primary, secured creditor—Congress Financial Corporation—who claimed entitlement to $10 million as part of the post-petition administrative claim—consented to the dismissal. By reason of the dismissal of the bankruptcy case, the adversary proceedings were closed, as reflected in the docket entry dated August 22, 2002.

Two months later, on October 21, 2002, former employees of the debtor filed a motion to reopen the bankruptcy case pursuant to section 350 of the Bankruptcy Code and to appoint a chapter 11 trustee. They claimed that such relief was appropriate because, *inter alia*, they had been denied access to their benefit records and the debtor overpaid Congress Financial Corporation. The bankruptcy court held a

hearing on December 31, 2002.[1]

Most of the defendant-appellants—not all of them—received notice of the December 31, 2002 hearing. The record does not reflect whether defendant-appellants received notice prior to the hearing that the debtor's former employees' motion would be converted to a motion to reopen the case pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") or that the hearing could result in the bankruptcy court vacating its August 20, 2002 order. At the December 31, 2002 hearing, the former employees of the debtor argued their motion to reopen the bankruptcy case, and that same day, the court entered an order reopening the case and converting it to a chapter 7 proceeding.[2] While not all of the defendant-appellants received notice of the hearing and the December 31, 2002 order, those defendant-appellants that did receive notice did not appeal the order.

Subsequently, defendant-appellants filed motions to dismiss the adversary proceedings.[3] On July 16, 2003 and August 15, 2003, the bankruptcy court held oral arguments on those motions. On September 2, 2003, the court denied defendant-appellants' motions. The September 2, 2003 order is the subject of the appeal currently before this court.

The crux of the bankruptcy court's September 2, 2003 decision is that the bankruptcy court's December 31, 2002 order reopened the case pursuant to Rule 60(b) and that order was a final, appealable order which was not timely appealed. Therefore, the bankruptcy court found that: (1) it has subject-matter jurisdiction over the adversary proceedings because it reopened the case on December 31, 2002, which had the effect of vacating the August 20, 2002 order and rendering it a nullity, (2) the adversary-proceedings are not time barred because the December 31, 2002 order acted to reopen the case to its same disposition prior to the August 20, 2002 order, and (3) the notice argument of defendant-appellants is moot because the defendant-appellants, who received notice of the December 31, 2002 hearing and December 31, 2002, order failed timely to appeal it and the defendant-appellants, who did not receive notice, failed to seek reconsideration of the December 31, 2002 order pursuant to Rule 60(b) as soon as the order came to their attention.

### Standard of Review

 The court reviews the bankruptcy court's findings of fact under a clearly erroneous standard and its conclusions of law under a de novo standard. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1222–23 (3d Cir.1989). Bankruptcy courts have the authority to grant relief from judgment pursuant to Rule 60(b) because of its applicability to bankruptcy proceedings through

---

1. The bankruptcy court's September 2, 2003 decision indicates that the hearing took place on December 31, 2002; however, the transcript from the hearing reflects that the hearing took place on December 30, 2002. This court shall use the date reflected in the court's September 2, 2003 decision—December 31, 2002.

2. The handwritten December 31, 2002 order does not specify under what rule the bankruptcy court was reopening the case. The order states, *inter alia,* that: (1) the case is reopened, (2) the case is converted to one under chapter 7, (3) the United States trustee shall appoint a chapter 7 trustee, (4) Congress Financial Corporation shall pay to the trustee the sum of $100,000 and upon payment is released of any claims by the estate and/or the movant employees. It is unclear on the face of the order whether it was reopening the case under section 350 of the Bankruptcy Code or Rule 60(b).

3. The motions to dismiss did not assert that the December 31, 2002 order was void due to the lack of due process.

Rule 9024.[4] In fact, bankruptcy courts are accorded "a very large measure of discretion" in passing on motions for relief from judgment, and a reviewing court will not set aside an exercise of that discretion "unless it is persuaded that under the circumstances of the particular case the action ... is an abuse of discretion." 11 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2872, at 261 (1973). *See Wagner v. Pennsylvania Railroad Co.*, 282 F.2d 392, 397–98 (3d Cir. 1960).

### *Discussion*

■ This court finds that the bankruptcy court did not abuse its discretion in denying defendant-appellants' motions to dismiss the adversary proceedings. Based upon the transcript from the December 31, 2002 hearing and the September 2, 2003 decision, it is clear that the bankruptcy court reopened the case pursuant to Rule 60(b) and that the reopening served to vacate the August 20, 2002 order, as though that order had never been entered. *See also* COLLIER ON BANKRUPTCY at Vol. 10, ch. 9024.01 (15th ed.) (discussing bankruptcy court's authority to grant relief from a prior judgment under Rule 60(b) and Rule 9024); *In re Lewis & Coulter, Inc.*, 159 B.R. 188, 191 (Bankr.W.D.Pa.1993) (construing debtor's motion as a motion to vacate a previous dismissal order pursuant to Rule 9024 and reinstating the bankrupt-

cy case); *In re Wyciskalla*, 156 B.R. 579, 580 (Bankr.S.D.Ill.1993) (bankruptcy court's inherent powers to reconsider its own orders must be determined within the parameters of FED. R. CIV. P. 60(b)) (citing *In re Met–L–Wood Corp.*, 861 F.2d 1012, 1018 (7th Cir.1988), *cert. denied, Gekas v. Pipin*, 490 U.S. 1006, 109 S.Ct. 1642, 104 L.Ed.2d 157 (1989)). Also, the bankruptcy court, by vacating its August 20, 2002 order, simply reverted the case to its prior status—it did not cause the adversary proceedings to be "commenced anew." *See In re Woods*, 173 F.3d 770, 781 (10th Cir. 1999), *cert. denied*, 528 U.S. 878, 120 S.Ct. 187, 145 L.Ed.2d 157 (1999) (affirming court's reopening of case and vacating its prior order despite claims that the bankruptcy court's rulings "threaten finality"). Thus, the court must reject defendant-appellants' argument that the adversary proceedings, which were timely commenced on June 28, 2002, are now time barred.

■ The bankruptcy court had jurisdiction to reopen the case pursuant to Rule 60(b) on December 31, 2002. *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 264 (3d Cir.1991) ("Bankruptcy jurisdiction pursuant to section 1334(b) thus extends to proceedings that 'could conceivably have any effect on the estate being administered in bankruptcy.'") (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)).[5] Besides, a court always has jurisdiction to

---

4. A bankruptcy court's decision to reopen a case pursuant to 11 U.S.C. § 350(b) is reviewed under an abuse of discretion standard. *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir.1997). The bankruptcy court, however, made clear at the December 31, 2002 hearing that it could not reopen the case under section 350, but that it could reopen the case under Federal Rule of Civil Procedure 59 or 60 based upon the "other cause" provision.

5. In *Marcus Hook Dev. Park, Inc.*, 943 F.2d at 264, the United States Court of Appeals for

the Third Circuit stated that bankruptcy courts have jurisdiction under section 1334(b) in the following circumstances:

> It is well settled that the bankruptcy court potentially has jurisdiction over four types of title 11 matters, pending referral from the district court: (1) cases under title 11, (2) proceedings arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11...."

determine whether it has subject-matter jurisdiction. *See Standard Oil Co. v. U.S.,* 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976) (a court may hear a 60(b) motion after it has divested itself of jurisdiction); *Stoll v. Gottlieb,* 305 U.S. 165, 171, 59 S.Ct. 134, 83 L.Ed. 104 (1938) (discussing the necessity of having a court determine whether it has jurisdiction over the subject matter); 11 C. WRIGHT, A. MILLER & M. KANE, *supra,* § 2862, at 331 (1995) (noting court's power to determine whether it has subject-matter jurisdiction).

In this case, the bankruptcy court properly determined that it had subject-matter jurisdiction over the debtor's former employees' motion to reopen the bankruptcy case—including the adversary proceedings to which defendant-appellants specifically object to being reopened—because the adversary proceedings, which are creatures of the Bankruptcy Code, "arise under" title 11. *See CoreStates Bank, N.A. v. Huls America, Inc.,* 176 F.3d 187, 196 (3d Cir. 1999) (for jurisdictional purposes, a claim "arises under" Title 11 "when it invokes a substantial right created by the Bankruptcy Code."); *Hudak v. Woods,* 91 B.R. 718, 720 (W.D.Pa.1988) (supporting the proposition that the Bankruptcy Code allows for the continuation of jurisdiction over an adversary proceeding arising under chapter 11, or arising in or related to a bankruptcy case following the dismissal or closing of the bankruptcy case).

■■ This court notes that typically an order entered pursuant to Rule 60(b)—which based upon the bankruptcy court's analysis contained in the December 31, 2002 hearing transcript, it is clear was the intent of the bankruptcy court—is not a final, appealable order. *See National Passenger Railroad Corp. v. Maylie,* 910 F.2d 1181, 1183 (3d Cir.1990) ("When an order granting a Rule 60(b) motion merely vacates the judgment and leaves the case

pending for further determination, the order is akin to an order granting a new trial and in most instances, is interlocutory and nonappealable."); *Clark v. First State Bank (In re White Beauty View, Inc.),* 841 F.2d 524, 526 (3d Cir.1988) (concluding that "in assessing the finality of a bankruptcy court order adjudicating a specific adversary proceeding, we apply the same concepts of appealability as those used in general civil litigation"); *Parks v. Collins,* 761 F.2d 1101, 1104 (5th Cir.1985) (order under Rule 60(b) is interlocutory and not appealable). *See also* 11 C. WRIGHT, A. MILLER & M. KANE, *supra,* § 2871, at 425 ("An order granting a motion under Rule 60(b) and ordering a new trial is purely interlocutory and not appealable...."). The concept of finality, however, with respect to bankruptcy orders has been construed somewhat more broadly, and the bankruptcy court found its December 31, 2002 order to be final. *See White Beauty View,* 841 F.2d at 526 (discussing how finality is considered more broadly and pragmatically in bankruptcy cases because the proceedings are often protracted and involve numerous parties). Thus, it is possible that defendant-appellants could have appealed the December 31, 2002 order to this court, particularly if they would have sought leave of court. *White Beauty View,* 841 F.2d at 526–27 (noting that *"with leave of court"* district courts possess jurisdiction to hear appeals from "interlocutory orders and decrees [ ] of bankruptcy judges") (quoting 28 U.S.C. § 158(a)) (emphasis added); FED. R. BANKR. P. 7054.

■ Despite the fact that defendant-appellants were appealing the bankruptcy court's September 2, 2003 order, defendant-appellants' most weighty argument centered upon the sufficiency of the notice that they received with respect to the December 31, 2002 hearing and December 31,

2002 order. In essence, defendant-appellants are challenging the bankruptcy court's December 31, 2002 order by reason of lack of due process. Specifically, defendant-appellants argued that at least one of the defendant-appellants received no notice of the December 31, 2002 hearing and December 31, 2002 order.[6] The failure or inadequacy of notice raises due process issues and may render a judgment void. *See United States v. One Toshiba Color Television,* 213 F.3d 147, 156 (3d Cir.2000) (holding, in agreement with the majority of the courts of appeals to consider the issue, that a judgment issued in a forfeiture proceeding without proper notice to a potential claimant is void); *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.,* 756 F.2d 14, 19 (3d Cir.1985) (holding that the entry of a default judgment without proper service of a complaint renders that judgment void). *See also* 11 C. WRIGHT, A. MILLER & M. KANE, *supra,* § 2862, at 326–29. Challenging a void judgment is generally not subject to any period of limitations and laches cannot be raised as a bar to the challenge. *Id.* at 324 ("there is no time limit on an attack on a judgment as void"); *see One Toshiba Color Television,* 213 F.3d at 157 ("[N]early overwhelming authority exists for the proposition that there are no time limits with regards to a challenge to a void judgment because of its status as a nullity; thus laches is no bar to recourse to Rule 60(b)(4).") (numerous citations omitted).

"Either a judgment is void or it is valid." 11 C. WRIGHT, A. MILLER & M. KANE, *supra,* § 2862, at 324.

Of relevance are the requirements of Federal Rule of Bankruptcy Procedure 9013 that a request for an order "shall be by written motion" and "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." FED. R. BANKR. P. 9013. *See* 10 COLLIER ON BANKRUPTCY, *supra,* ¶ 9013.02. With respect to defendant-appellants' notice arguments, the court notes that Federal Rule of Bankruptcy Procedure 9014, which governs contested matters, provides with respect to a proceeding to dismiss or suspend a case that "the relief... be requested by motion, and reasonable notice and opportunity shall be afforded the party against whom relief is sought." FED. R. BANKR. P. 9014. *See also* 10 COLLIER ON BANKRUPTCY, *supra,* ¶¶ 9014.01–9014.02. With respect to a hearing on the dismissal of a chapter 11 reorganization case or the conversion of the case to another chapter, twenty days notice must be given to, among others, all creditors. FED. R. BANKR. P. 2002(a)(4). Here, the relief sought by the former employees *did not* include a request for conversion of the chapter 11 case to a chapter 7 case and twenty days notice of the hearing on the conversion does not appear to have been given,[7] which would appear to be a viola-

---

6. The bankruptcy court acknowledged in its September 2, 2003 order—which is the subject of this appeal—that not all of the defendant-appellants received notice of the hearing held on December 31, 2002 to reopen the case or received the order from that same day, which reopened the case. During this court's oral argument on May 20, 2004, counsel for Voest–Alpine Industries, Inc. represented that its client did not receive notice with respect to the court's decision to reopen the case on December 31, 2002.

7. The United States Trustee responded to the former employees' motion and in paragraph 9 of that response, requested that if the case was reopened, the case be converted to "one under Chapter 7 ...." The United States Trustee's response, as reflected in the relevant certificate of service, was sent on December 23, 2002 (8 days prior to the December 31, 2002 hearing and order converting the case) to only four attorneys—Norman E. Gilkey (counsel for debtor), Mark E. Freedlander (McGuire Woods, LLP, counsel for Congress Financial Corporation), Robert O. Lampl (counsel for the former employees) and David

tion of Federal Rule of Bankruptcy Procedure 2002(a)(4). In any event, a motion to vacate an order dismissing a bankruptcy case may be a contested matter and arguably implicates due process concerns necessitating the need for notice and an opportunity to be heard.

■ Here, the relief sought was under section 350 of the Bankruptcy Code and appeared to be seeking the opening of the case for certain limited purposes, i.e., appointing a chapter 11 trustee to administer certain assets. *See* 3 COLLIER ON BANKRUPTCY, *supra*, ¶ 350.03. Relief was not— and could not—be granted under section 350; rather relief could only have been granted under Rule 60(b). Defendant-appellants argued to this court that the notice provided to the majority of the defendant-appellants was insufficient because they only knew that the debtor's former employees sought to reopen the case pursuant to 11 U.S.C. § 350—not Rule 60(b)—and that the court decided to reopen case.[8] It is true that the reopening of case pursuant to section 350 is proce-

durally and substantively different than reopening a case under Rule 60(b).[9] An order reopening a case under section 350 could be for a limited purpose, such as administering certain assets, according relief to the debtor, amending a schedule, or determining the validity of a lien. *See* 3 COLLIER ON BANKRUPTCY, *supra*, ¶ 350.03. The issue being raised here is whether parties with interests that may be adversely affected by the vacation of an order of a bankruptcy court pursuant to Rule 60(b)— such as defendants in adversary proceedings—must receive notice of relief being sought under Rule 60(b) and an opportunity to be heard prior to the bankruptcy court vacating its order. That issue, however, is not properly before this court. *See In re Universal Display & Sign Co.*, 541 F.2d 142, 144 (3d Cir.1976) (holding that the defendants could not collaterally attack a judgment when the defendants had the opportunity to raise the issue before the court that originally adjudicated the claims); 8 C. WRIGHT, A. MILLER & M. KANE, *supra*, § 2865, at 377–78 ("Relief under Rule 60(b) ordinarily is obtained by

W. Lampl (counsel to the Official Committee of Unsecured Creditors). The caption of the response did not indicate that it contained a motion for conversion of the case. It merely stated: "RESPONSE OF UNITED STATES TRUSTEE TO PROPOSED RESOLUTION (ORDER) FILED BY AND BETWEEN THE FORMER EMPLOYEES OF J & L STRUCTURAL STEEL, INC. AND CONGRESS FINANCIAL CORPORATION, RE: MOTION TO REOPEN CASE, APPOINT CHAPTER 11 TRUSTEE AND STAY DISTRIBUTION OF PROCEEDS."

8. As noted above, the December 31, 2002 order—on its face—did not make clear pursuant to what authority the bankruptcy court was reopening the case.

9. There was no evidence that defendant-appellants knew or should have known that the court during the December 31, 2002 hearing would convert the debtor's former employees' motion into a Rule 60(b) motion or would convert the case to a chapter 7 case. While

not argued by defendant-appellants, a court cannot generally act *sua sponte* under Rule 60(b), as incorporated by Rule 9024, because a motion is required. *See* 10 COLLIER ON BANKRUPTCY, *supra*, ¶ 9024.03. *But see Meyer v. Lenox*, 902 F.2d 737, 739–740 (9th Cir.1990) ("[B]ankruptcy courts, as courts of equity, have the power to reconsider, modify or vacate their previous orders *so long as no intervening rights have become vested* in reliance on the orders.") (emphasis added); 11 C. WRIGHT, A. MILLER & M. KANE, *supra*, § 2862, at 325 ("Although the rule requires a motion for relief from the judgment, it has been held that the court on its own motion may set aside a void judgment provided notice has been given of its contemplated action and the party adversely affected has been given an opportunity to be heard.") and § 2865, at 380 (noting that the usual procedure is for the court to act "on motion," but "in an unusual case" the court may act in the interests of justice").

motion in the court that rendered the judgment ... [because it] will be far more familiar with the case and with the circumstances that are said to provide grounds for relief from judgment.").

Defendant-appellants need to raise their due process concerns relating to the bankruptcy court's December 31, 2002 order by filing a motion pursuant to Rule 60(b)(4), as incorporated by Rule 9024, with the bankruptcy court.

### Conclusion

AND NOW, this 11th day of August, 2004, the above-captioned consolidated appeal of the September 2, 2003 order is hereby **DENIED** without prejudice to the rights of defendant-appellants to raise the due process issues in a motion under Rule 9024.