**In re James Gregory MOORE, a/k/a J. Gregory Moore, a/k/a Moore Law Firm, Debtor.**

**Pennsylvania Lawyers Fund for Client Security, Plaintiff**

**v.**

**James Gregory Moore, Defendant.**

**Bankruptcy No. 09–11408–TPA.**
**Adversary No. 10–1121–TPA.**

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 7, 2011.

Thomas E. Reilly, Thomas E. Reilly, PC, Sewickley, PA, for Plaintiff.

Jason R. Owen, Yochim Skiba & Nash, Gary V. Skiba, Erie, PA, for Defendant.

### MEMORANDUM ORDER

THOMAS P. AGRESTI, Chief Judge.

Presently before the Court is a **Motion to Quash Order and Dismiss Complaints** [sic] **to Determine Dischargeability of Debt** ("Motion to Quash"), Document No. 12, filed by the Debtor, who is the Defendant in this adversary proceeding. A *Response* to the *Motion to Quash* was filed by the Plaintiff, the Pennsylvania Lawyers Fund for Client Security, at Document No. 16 ("PaLFCS"). The Parties have filed briefs and a hearing was held on December 16, 2010. For the reasons that follow, the Court will grant the *Motion to Quash,* in part, and give the Debtor the opportunity to show that the time allowed for filing this adversary proceeding should not have been extended. Before turning to a discussion as to how the Court arrived at its decision on the *Motion to Quash,* a recita-

tion of the pertinent factual and procedural background will be helpful.[1]

## BACKGROUND

The Debtor is a formerly-licensed Pennsylvania attorney who filed a *pro se* bankruptcy petition on July 30, 2009.[2] On August 26, 2009, a notice of the Section 341 meeting of creditors was sent out, stating that the meeting would be held on October 13, 2009 and that the last day to oppose discharge was December 14, 2009. On December 4, 2009, PaLFCS filed a Motion to Extend Time to File Complaint to Determine Dischargeability of Debt Pursuant to F.R.B.P. 4007(c) ("Motion to Extend") at Document No. 34 in the main bankruptcy case. PaLFCS did not formally serve the *Motion to Extend* on the Debtor by mail, opting instead for receipt of a hearing scheduling order from the Court before doing so. Rather than setting a hearing on the matter, the Court granted the extension.

At the time of argument on the *Motion to Quash*, Counsel for the Debtor claimed that prior to the Order allowing the extension, the Debtor had no notice of the *Motion to Extend*, Counsel apparently being unaware that, at the time of its filing, a copy was electronically sent to the Debtor by the Court's CM/ECF system at two different e-mail addresses listed with the Court by the Debtor. Pursuant to this Court's *Electronic Court Filing Procedure # 2*, by registering as a "filing user" of its CM/ECF system, users—such as the Debtor here—waived the right to receive notice by mail and consented to electronic receipt of notice.[3]

In the *Motion to Extend,* PaLFCS represented that it is the body with responsibility for providing reimbursement to clients and others for losses caused by defalcations of Pennsylvania attorneys. It further alleged that PaLFCS had received, to date, seven (7) claims for reimbursement related to the Debtor and had actually approved one of these claims to "Cathleen A. Coleman," in the amount of $19,160.80.

The *Motion to Extend* also noted that, although the Debtor had identified PaLFCS as a creditor in his Schedules and testified at the meeting of creditors as to the Coleman matter, he had not identified any of the other six claimants. PaLFCS alleged in the *Motion to Extend* that the conduct described in the various client claims it had already received to date was such as would render the debt owed to them by the Debtor non-dischargeable under *11 U.S.C. § 523*. PaLFCS further alleged that it would take until October 2010 to complete the processing of the current claims and that in the meantime additional claims might be filed. PaLFCS therefore asserted that there was cause

---

1. The Court's jurisdiction under *28 U.S.C. §§ 157* and *1334* was not at issue. This is a core proceeding pursuant to *28 U.S.C. § 157(b)(2)(I)* and *(J)*.

2. The documents of record indicate that Debtor was disbarred by consent on July 15, 2009. Even though the Debtor was disbarred at the time the *Motion to Extend* was filed, he remained a "user" for purposes of the CM/ECF system.

3. *Electronic Court Filing Procedure # 2* states: Registration as a Filing User constitutes, in any case in which the Filing User has en-

tered an appearance: (1) waiver of the right to receive notice by first class mail and consent to receive notice electronically; and (2) waiver of the right to service by personal service or first class mail and consent to electronic service, except with regard to service of a summons and complaint under Federal Rule of Bankruptcy Procedure 7004. Waiver of service and notice by first class mail applies to notice of the entry of an order or judgment under Fed.R.Bankr.P. 9022.

pursuant to *Fed.R.Bankr.P. 4007(c)* to extend the deadline for filing a complaint to determine dischargeability and requested that it be extended to October 31, 2010.

Given the seemingly clear grounds for cause alleged by PaLFCS, without scheduling a hearing and setting a response date, the Court issued an Order on December 8, 2009 ("Extension Order"), Document No. 37, granting the *Motion to Extend* and setting the new deadline for October 31, 2010. A copy of the *Extension Order* was served by regular mail on the Debtor at the address listed in his bankruptcy petition.[4] The Debtor did not file a motion for reconsideration, file a notice of appeal, or do anything else at that time to indicate he disagreed with the terms of the *Extension Order*.

Nothing further concerning this matter occurred until October 28, 2010, when PaLFCS initiated the present adversary proceeding by filing its complaint against the Debtor. Consistent with the allegations in the *Motion to Extend*, the complaint identifies a number of individuals to whom PaLFCS has made payments related to the Debtor's misconduct as an attorney, totaling over $230,000. Each of these claimants has signed a subrogation agreement in favor of PaLFCS, and in this capacity, PaLFCS is seeking to have the Debtor's debt to them found non-dischargeable under various provisions of *11 U.S.C. § 523(a)*.[5]

The Debtor was served with the summons and complaint on November 1, 2010. On December 1, 2010, an *Emergency Motion for Enlargement of Time to file Answer* was filed by attorney Gary Skiba on behalf of the Debtor which indicated that he had just been contacted by the Debtor to represent him in this matter. Counsel requested additional time because the answer was due that very date. The Court granted that motion the same date, giving Debtor until December 13, 2010 to file a response to the complaint. On December 9th Debtor then filed the *Motion to Quash* which is presently before the Court. By separate *Order* dated December 21, 2010, the Court directed the Debtor to file a provisional Answer and otherwise stayed all further activity in the adversary proceeding pending resolution of the *Motion to Quash*.

### DISCUSSION

With the foregoing background in mind, the Court turns to a consideration of the *Motion to Quash*. It is not an easy document to decipher. The gist of the argument which Debtor appears to be raising is that the *Extension Order* should be "quashed" because it was entered without a hearing. Paragraph 11 of the *Motion to Quash* states:

> Bankruptcy Rule 7012 and Rule 12(b)(4), F.R.Civ.P. Dismissal for Insufficient Process, provides the mechanism to motion the court to quash the defective order for insufficient process, which in the present case is lack of hearing on notice with the Motion to Extend.

The proposed order which Debtor has submitted along with the *Motion to Quash* would have the Court "quash" the *Extension Order* and dismiss the complaint as having been filed beyond the original December 14, 2009 deadline.

---

4. As with the original *Motion to Extend,* the *Extension Order* was also electronically served on the Debtor at his identified email addresses via his still-active, CM/ECF system mail account service.

5. With the exception of Cathleen Coleman, all of the claimants were paid by PaLFCS after the original deadline for objecting to discharge.

As an initial matter, it is abundantly clear that the *Motion to Quash* is fatally flawed by attempting to use *Fed.R. Civ.P. 12(b)(4)* as a "mechanism" for challenging the *Extension Order*. The "insufficient process" referred to in that Rule clearly only permits a defendant to challenge non-compliance with requirements for the contents of the summons not a prior motion seeking an extension of time to file a complaint. *See* 5B Wright & Miller, *Federal Practice and Procedure* (2010) § 1353, text at n.4. Debtor has made no contention whatsoever that the summons in this case was defective in any manner.[6]

■ The Court agrees with the PaLFCS that the proper means for Debtor to challenge the now-final *Extension Order* is under *Fed.R.Bankr.P. 9024*, incorporating *Fed.R. Civ.P. 60*. Although the Debtor did not request such an approach at argument and it would be well within the Court's discretion to simply dismiss the *Motion to Quash* as being filed under the wrong Rule, thereby requiring the Debtor to refile under the proper Rule, the Court will instead treat it as having been filed pursuant to *Rule 60*. *See Fed.R.Bankr.P. 1001* (Rules to be construed to secure the just, speedy, and inexpensive determination of every case).

■ That, however, is not the end of the discussion because *Rule 60(b)*, which identifies the grounds that may be asserted for relief from a final order, includes multiple sub-parts.[7] The Court must therefore determine which, if any, of these apply to the challenge being raised by the Debtor.

The grounds set forth in *Rule 60(b)(1), (2)* or *(3)* do not apply here. Not only do these sections fail to describe the argument being made by the Debtor, the Rule provides that motions brought under those sections must be brought within one year of the order in question. *See Rule 60(c)(1)*. In this case, the *Motion to Quash* was filed beyond the allowable one-year window (albeit only by one day). That leaves *Rule 60(b)(4), (5)* or *(6)* as the only other possible grounds for the *Motion to Quash*. Of these, the one which appears to best fit the Debtor's argument is *60(b)(4)*, *i.e.*, the Debtor's position is premised on a contention that the *Extension Order* is "void."

*Rule 60(b)(4)* can be used to attack a judgment or order that is void either based on lack of subject matter jurisdiction, or because it was entered without the required due process. *See Union Switch & Signal Div. Am. Std. Inc. v. United Electrical, Radio and Machine Workers of*

---

6. *Fed.R.Civ.P. 12(b)(5)* is something of a "companion" to *12(b)(4)* and allows a defense of insufficient service of process, which relates to a departures from the proper procedure for serving the summons and complaint. Debtor has made no allegations that could fall under this provision either.

7. *Rule 60(b)* provides:
   (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) mistake, inadvertence, surprise, or excusable neglect;
   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   (4) the judgment is void;
   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
   (6) any other reason that justifies relief.

*America, Local 610,* 900 F.2d 608, 612 n. 1 (3d cir.1990). Since the Debtor contends the *Extension Order* should be quashed because it was entered without notice and hearing, the Court will therefore treat the *Motion to Quash* as a motion brought pursuant to *Rule 60(b)(4).*

Anticipating such a result, PaLFCS asserts that the *Motion to Quash* is defective under *Rule 60* as well because the Debtor has not averred any facts to show that he has a "meritorious defense" to the *Motion to Extend.* In other words, the Debtor has not alleged anything factually to show that the deadline should not have been extended as PaLFCS requested.

█ It does trouble the Court that the *Motion to Quash* is silent in this regard and that Debtor's counsel was unable to articulate *any* reason why the *Motion to Extend* should not have been granted when the Court directly inquired of him at the recent hearing. In the absence of at least a plausible reason to that effect, Debtor's effort to quash the *Extension Order* certainly gives the appearance of

nothing but a "gaming of the system" or delay tactic. Nevertheless, unlike motions brought under the other provisions of *Rule 60(b),* a motion under *Rule 60(b)(4)* is not required to state a meritorious defense. *See Mortgage Elec. Registration Sys., Inc. v. Patock,* 2009 WL 1421295 *2 (D.Vi. 2009); *In re Antell,* 155 B.R. 921, 927 (Bankr.E.D.Pa.1992). The *Motion to Quash* cannot therefore be denied on that basis alone.[8]

█ Turning then to the question of whether the *Extension Order* should be considered "void" on due process grounds under *Rule 60(b)(4),* the Court finds arguments going both ways. On the one hand, *Fed.R.Bankr.P. 4007(c)* does speak of a "hearing on notice" and there was no formal hearing held in this case before the *Extension Order* was entered. On the other hand, the term "after notice and hearing," and similar phrases as used in the *Bankruptcy Code* and Rules, is a "term of art" that provides for flexibility and generally means such notice and hearing as are appropriate under the circumstances. *See 11 U.S.C. § 102(1).*[9]

---

**8.** There is another potential reason for finding that the *Motion to Quash* is defective. As previously indicated, the Debtor was promptly given electronic notice of the filing of the *Motion to Extend* and electronic and mail notice of the *Extension Order,* yet he failed to do anything in response to the *Extension Order* for more than a year later. Even though the strict one-year time limit is only applicable to motions under *Rule 60(b)(1)–(3), Rule 60(c)(1)* includes a general requirement that every motion under *Rule 60(b)* must be brought within a "reasonable time" after the entry of the order being challenged. Some courts have dismissed motions under *Rule 60(b)(4)* on grounds that they were not filed within a reasonable time. *See, e.g., Days Inns Worldwide, Inc. v. Patel,* 445 F.3d 899, 906 (6th Cir.2006) (motion filed 11 months after order was entered dismissed as untimely). The Third Circuit, however, appears to have limited the dismissal of a *Rule 60(b)(4)* motion on timeliness grounds—at least where the order in question is void as opposed to voidable.

*See U.S. v. One Toshiba Color Television,* 213 F.3d 147 (3d Cir.2000).

**9.** Under these circumstances, this Court routinely grants non-controversial continuances and extensions of time to act in various situations without setting a date for responses and a hearing. In many cases as well, the Court initially sets a response and hearing date and if no response is filed by the deadline an order granting relief is entered without the hearing being held. If the Court were required to inflexibly follow a strict response/hearing procedure in every instance where a request for additional time is sought, the increased burden would be substantial if not over–whelming, not to the point of interfering with the Court's ability to properly function but nevertheless impacting its function significantly. Coincidentally, the Debtor's motion to extend the deadline for responding to PaLFCS' Complaint was similarly extended, without first allowing a response or hearing from PaLFCS.

Given the competing arguments as to the merits of the central premise of the *Motion to Quash*, the Court will overlook any timeliness issue and give the Debtor the benefit of the doubt. The Court thus finds that the *Extension Order* is "void" for purposes of *Rule 60(b)(4)* and will vacate it to allow the Debtor an opportunity to respond, first, and possibly to have a hearing as well, assuming he does respond.

The Court reaches this conclusion in full cognizance of the recent decision of *United Student Aid Funds, Inc. v. Espinosa,* ── U.S. ──, 130 S.Ct. 1367, 176 L.Ed.2d 158 (March 23, 2010). That case involved a due process challenge to a confirmed chapter 13 plan that called for the discharge of the debtor's student loan interest obligation when no adversary proceeding to establish undue hardship had ever been filed as required by *Fed.R.Bankr.P. 7001(6)*. The creditor argued that the confirmation order was therefore void under *Rule 60(b)(4)* because it did not receive adequate notice of the proposed discharge of the student loan interest obligation. The Supreme Court held that, although it had been error for the bankruptcy court to approve the plan with this provision, *Rule 60(b)(4)* did not give parties a "license for litigants to sleep on their rights." Since the creditor had been given notice of the proposed plan and an opportunity to object, the Supreme Court found that the creditor had forfeited its argument regarding the adequacy of the bankruptcy court's procedure by "failing to raise a timely objection in that court." *Id.* at 1380. The Supreme Court also noted that where a party has failed to "object to confirmation of the plan before the time for appeal expires," the party has been given a full and fair opportunity to litigate and cannot obtain *Rule 60(b)(4)* relief. *Id.*

Although it is an extremely close call, once again erring in favor of the Debtor's position, the Court can subtly distinguish *Espinosa* from the present case. In *Espinosa* the creditor had an opportunity to file an objection to the plan *before* it was confirmed, whereas in the present case the Court's quick entry of the *Extension Order* did not give the Debtor time to file a response to the *Motion to Extend*. Of course, the Debtor in the present case, just like the creditor in *Espinosa,* then proceeded to simply "sit on his rights" once the order had been entered and did nothing while the appeal period ran. It may well be that in *Espinosa,* the Supreme Court intended that such "post-order" inaction would be sufficient in and of itself to justify denial of relief under *Rule 60(b)(4)*. However, again giving the Debtor every benefit of the doubt, the Court will find that the present case is distinguishable from *Espinosa* because the Debtor did not have a meaningful opportunity to respond to the *Motion to Extend* prior to the entry of the *Extension Order.*

■ Finding the *Extension Order* to be void does not, however, end the matter. The Debtor argues that if the *Extension Order* is quashed that means the original deadline is reinstated and that this adversary proceeding must therefore be dismissed as untimely filed. The Debtor is plainly wrong in this regard.

■ The deadline for purposes of filing *Rule 4007* objections to discharge is not jurisdictional in nature and its enforcement is subject to equitable considerations. *See In re Calinoiu,* 431 B.R. 121, 123 (Bankr.W.D.Pa.2010) (citing *Kontrick v. Ryan,* 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)). It would be fundamentally unfair and prejudicial to the PaLFCS if the adversary proceeding were to be dismissed under the facts presented.

In order to obtain extra time to file a complaint objecting to discharge the PaLFCS was required to file a motion to

that effect, setting forth adequate cause, prior to the expiration of the original deadline. That is exactly what the PaLFCS did and therefore it cannot be prejudiced by any alleged "error" by the Court in unilaterally granting the *Motion to Extend* in a manner that may subsequently be considered improper. *See, e.g., In re Kennerley*, 995 F.2d 145, 147–48 (9th Cir.1993) (equitably extending deadline is proper where court misleads party as to deadline to object to discharge). *See also, In re J. & L. Structural*, 313 B.R. 382, 386 (W.D.Pa.2004) (bankruptcy court did not abuse its discretion in denying motions to dismiss adversary proceedings on timeliness grounds after vacating previous order closing the bankruptcy case when the adversary proceedings had been timely filed before case was closed).

The effect of vacating the *Extension Order* is to return matters to the status quo at the time it was originally entered. Therefore, the timely filed *Motion to Extend* remains pending and open for decision by the Court. The Debtor will be given an opportunity to file a Response.[10] If relief is granted thereon, it will be done on a *nunc pro tunc* basis, allowing the adversary proceeding to continue.

*AND NOW,* this *7th* day of *January, 2011,* for the reasons stated above, it is hereby *ORDERED, ADJUDGED and DECREED* that:

(1) The *Motion to Quash Order and Dismiss Complaints* [sic] *to Determine Dischargeability of Debt* filed at Document No. 12, construed as a motion pursuant to *Fed.R.Bankr.P. 9024* and *Fed.R. Civ.P.*

*60(b)(4),* is *GRANTED in part* and the *Extension Order* is *VACATED.*

(2) *On or before January 21, 2011,* the Debtor shall file a *Response* to the *Motion to Extend.*

(3) *On or before January 31, 2011,* PaLFCS shall file any *Reply* to the Response.

(4) A hearing on the *Motion to Extend* is scheduled for *February 8, 2011 at 10:00 A.M.* in the Erie Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, Pa. 16501.

---

10. As noted above, the Debtor was not required to set forth a "meritorious defense" to the *Motion to Extend* as part of his *Rule 60(b)(4)* challenge to the *Extension Order.* The Debtor will, however, be expected to provide some legitimate reason in his anticipated *Response* as to why the Court should deny the *Motion to Extend.* Given the complete inability of Debtor's Counsel to provide any such plausible reason at the recent hearing, and given the dictates of *Fed.R.Bankr.P. 9011(b),* the Court awaits the Debtor's *Response* with interest.